[No. 11465.   Department Two. — July 28, 1886.]

ELIZA V. BURKLE ET AL., APPELLANTS, *v.* M. LEVY,
TRUSTEE, ET AL., RESPONDENTS.

DEBTOR AND CREDITOR — EXTENSION OF TIME FOR PAYMENT — MARRIED
   WOMAN — DEED OF TRUST — CONSIDERATION. — An extension of time
   given by a creditor to a debtor within which to pay his indebtedness,
   and an agreement by him to accept payment in installments, are suffi-
   cient considerations to support a deed of trust executed by the wife of
   the debtor on her separate property to secure the indebtedness.

ID. — CONTRACT OF MARRIED WOMAN — SECURITY FOR INDEBTEDNESS OF
   HUSBAND — RIGHTS OF CREDITORS. — Under section 158 of the Civil
   Code, a married woman may enter into any agreement or transaction
   respecting her property which she might if unmarried.   She may mort-
   gage or convey it by deed of trust to secure the debts of her husband,
   and having done so, his creditors may enforce their claims against it in
   the same manner and to the same extent that they could if it were his
   property, and not hers.

FRAUD — UNDUE INFLUENCE — RESCISSION OF CONTRACT — ACTION FOR — UN-
   REASONABLE DELAY. — One whose consent to the execution of a contract
   has been obtained through fraud or undue influence may rescind the
   contract, but he must do so promptly on discovering the facts which en-
   title him to rescind.   Under the circumstances of the present case, an
   unexplained delay of fifteen months in commencing the action after
   knowledge of the facts, *held*, unreasonable and fatal.   *Held further*, that
   no fraud or undue influence was shown by the complaint.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The facts are stated in the opinion.

*P. W. Dooner,* for Appellants.

*H. W. O'Melveny,* and *Chapman & Hendrick,* for Re-
spondents.

BELCHER, C. C. — This is an action to set aside a deed
of trust executed by the plaintiffs to the defendant Levy,
as trustee.   The defendants demurred to the complaint
on the ground that it did not state facts sufficient to
constitute a cause of action, and their demurrer was
sustained.   The plaintiffs declined to amend, and there-
upon judgment was entered against them.

Two points are made by the appellants: 1. That the plaintiff Eliza V. Burkle executed the deed of trust complained of without any consideration coming to her for so doing; and 2. That she was induced to execute the deed by the fraud and undue influence of her husband and co-plaintiff, Ferdinand Burkle, and of the defendant Levy.

1. It appears from the complaint that the plaintiffs were husband and wife, and that the property conveyed by the deed was a parcel of land in Los Angeles County, which was the separate property of the wife, and on which she had filed a homestead claim, and was residing with her husband. The husband was a merchant, and had become indebted to various parties in the aggregate sum of about three thousand dollars. The debts were all due, and the creditors were pressing for their payment. On the twenty-third day of May, 1884, the husband, in consideration of an extension of time to pay his debts being given him by his creditors, entered into a written agreement to pay them in twelve equal monthly installments, the first installment, of eight and one third per cent of the whole amount, to be paid on the thirty-first day of July, 1884, and a like sum on the last day of each month thereafter till the whole should be paid. At the same time, and as a part of the transaction, the plaintiffs executed to the defendant Levy, as trustee, the deed in question. The deed, a copy of which is set out in the complaint, recited the written agreement, and that it was made "in consideration of the said indebtedness, and of the extension of time for payment given, and in the further consideration of one dollar to them in hand paid by the party of the second part, the receipt of which is hereby acknowledged, and for the purpose of securing the payment of said sums as provided in said agreement under the provisions hereof." It then empowered the trustee, in case of default in making the payments as provided, to sell the property, and out of the proceeds of the sale to

pay,—1. All expenses incurred in making the sale and any taxes he may have been compelled to pay on the premises; 2. To the "creditors mentioned in said agreement the sums therein specified, *pro rata";* and 3. The balance or surplus, if any, to Ferdinand Burkle.

From this statement, it is apparent that there was a sufficient consideration for the execution of the deed.

The extension by the creditors of the time of payment, and the agreement by them to accept payments in monthly installments, were both valuable considerations, and sufficient to support the deed on the part of Mrs. Burkle, as well as on the part of her husband. The fact that the consideration did not go directly to her is a matter of no consequence. In this state, a married woman may enter into any engagement or transaction respecting her property which she might if unmarried. (Civ. Code, sec. 158.) She may mortgage it, or convey it by deed of trust, to secure her husband's debts, and having done so, the creditors may enforce their claims against it in the same manner and to the same extent that they could if it were his property, and not hers. (*Alexander* v. *Bouton,* 55 Cal. 15; *Cartan, McCarthy & Co.* v. *David,* 18 Nev. 310.)

2. To sustain the claim that Mrs. Burkle was induced to execute the deed by fraud and undue influence, it is alleged in the complaint that on the second day of May, 1884, her husband was arrested on a charge of felony, and compelled to leave his home and business; that he secured bail, and was again arrested and bailed on another charge; that two of his principal creditors were his bondsmen; that from the time of his release up to the 23d of May he was absent from his home and business a great portion of the time, consulting with his counsel and making arrangements for his examination; and she was informed by his attorneys and others that it would go hard with her husband, and that he would be very likely to suffer conviction and incarceration in

the penitentiary; that his creditors began to harass him for the payment of their demands, and he became discouraged, gloomy, and depressed, and communicated to her all his troubles and his apprehensions and fears, and frequently declared that his financial ruin was inevitable; that she believed all the reports and statements made to her concerning her husband's prospects, and became and was greatly agitated and under extreme mental anguish and excitement in consequence thereof; that on the morning of the 23d of May she was informed by her husband that his creditors had demanded a settlement, and that she and her husband convey to them the family homestead to secure the payment of their demands; that she hesitated to consent to the arrangement, and did not agree to sign the conveyance until she was informed by her husband that in case of her refusal his bondsmen would withdraw, and he would be immediately incarcerated in the county jail, and until she was further informed by him that the instrument demanded would not affect their homestead claim, and that in no event would she lose her home, and until she was informed by Levy that the instrument to be executed was not a deed in reality, but a mere security to satisfy the demands of her husband's creditors; that all the statements made to her by her husband, except that relating to the withdrawal of his bondsmen, were suggested and dictated by Levy, and that Levy acted in bad faith, with the view and for the purpose of securing an undue advantage over her, and that she was thereby imposed upon and deceived.

In all this we see nothing to support the claim of fraud and undue influence. It is not alleged that any of the statements made to Mrs. Burkle, and on which she acted, were untrue. She knew what the deed was and its purpose before she executed it. She acknowledged it before a notary, and on examination, without the hearing of her husband, was made acquainted with its contents.

Levy told her it was a mere security to satisfy her husband's creditors, and when her husband told her it would not affect her homestead claim, and that in no event could she lose her home, he must have intended, and she understood, that he could and would pay the installments as they became due, and so she would suffer no harm.

But if we are mistaken in this, another sufficient answer to the claim of appellants is found in the long delay in commencing the action. One whose consent to execute a contract has been obtained through fraud or undue influence may rescind the contract, but he must do it promptly on discovering the facts which entitle him to rescind. (Civ. Code, secs. 1689, 1691.) Here, as has been seen, the trust deed was executed on the twenty-third day of May, 1884, and this action was not commenced till the tenth day of October, 1885. There is nothing in the complaint to account for this long delay, and under the circumstances we must hold it unreasonable and fatal to this action. (*Barfield* v. *Price*, 40 Cal. 535.)

We think the demurrer was properly sustained, and that the judgment should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.