[S. F. No. 2744.    Department One.—October 3, 1902.]

## HUMBOLDT SAVINGS AND LOAN SOCIETY, Respondent, v. MARGARET C. DOWD et al., Appellants.

MORTGAGE—CONSIDERATION—RENEWAL BY HEIRS OF DECEASED MORT-GAGOR—FORECLOSURE.—Where a note and mortgage executed by a husband and wife for a term of two years were proved as a claim against the estate of the deceased husband, and while the principal of the original note remained unpaid the heirs, for the purpose of obtaining an extension of time, applied for a ''renewal'' of the note and mortgage for another like period, and the application was granted and acted upon by the execution of a new note and mort-

gage for such period, it must be deemed a renewal and extension of time of the old mortgage, and the implied agreement of the mortgagor not to foreclose before the expiration of such period, was a sufficient consideration to sustain the new note and mortgage, and justify a foreclosure thereof.

ID.—RETENTION OF OLD NOTE AND MORTGAGE.—The circumstance that the old note and mortgage were retained by the mortgagee, and not delivered up and canceled of record, is immaterial, where the indebtedness on the renewal note was not discharged.

ID.—DISAFFIRMANCE BY MINOR—CONFLICTING EVIDENCE AS TO AGE—APPEAL.—Where the question whether a minor heir, over eighteen years of age, disaffirmed the new mortgage within a reasonable time after majority depends upon conflicting evidence as to his age, the finding of the court against such disaffirmance will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion.

Stafford & Stafford, for Appellants.

The new note and mortgage are without consideration. They cannot be deemed a payment of the old note and mortgage, nor of the allowed claim, neither of which were extinguished, in the absence of an express agreement to that effect.   (*Savings and Loan Society* v. *Burnett,* 106 Cal. 530; *Bonestell* v. *Bowie,* 128 Cal. 511, 515; *Griffith* v. *Grogan,* 12 Cal. 317; *Watson* v. *Reynolds,* 54 Ala. 191.)

C. E. Hatch, and Alexander D. Keyes, for Respondent.

The new note and mortgage operated as a renewal and extension of time of payment of the old note and mortgage, which was a sufficient consideration.   (Civ. Code, sec. 1605; Story on Notes, sec. 186; *Tolman* v. *Smith,* 85 Cal. 280; *Welch* v. *Allington,* 23 Cal. 322; *Comptoir d'Escompte* v. *Dresbach,* 78 Cal. 15, 20.)   The failure to surrender and cancel the old note and mortgage is immaterial, whether it be considered paid or suspended during the extended time.   (*Otto* v. *Long,* 127 Cal. 471; *Tolman* v. *Smith,* 85 Cal. 280; *Woodbridge* v. *Skinner,* 15 Conn. 306; *Murphy* v. *Carey,* 89 Hun, 106; *Flanagan* v. *Hambleton,* 54 Md. 227.)

COOPER, C.—Action to foreclose a mortgage. Plaintiff had judgment. Defendants made a motion for a new trial, which was denied, and this appeal is from the judgment and order. The facts are substantially as follows: On January 8, 1886, Jeremiah O'Connell was the owner of the premises described in the complaint, and on said day he and his wife, Annie, executed and acknowledged a mortgage to the plaintiff bank to secure the payment of a promissory note for $3,500 of even date, due two years thereafter. In course of time, Jeremiah O'Connell died, leaving surviving him his wife, Annie, and five children, Margaret C., Henry P., Thomas J., Elizabeth A., William J., and Mary T., and the real estate herein, still encumbered with the lien of the mortgage. After the death of Jeremiah O'Connell his surviving widow, Annie, became the administratrix of his estate. The plaintiff, in due time and in proper form, presented its claim upon the note and mortgage, which claim was duly allowed by the administratrix and filed in August, 1891. In June, 1894, the administratrix died, without having closed the estate or paid the claim of plaintiff. The above-named children survived the widow. There does not appear to have been any administration of her estate, if any she left. At the time of her death the real estate described in the complaint was still encumbered with the mortgage. Margaret C., after the death of her mother, married one Dowd.

On January 22, 1896, the original note and mortgage were still unpaid, and Margaret C. Dowd made an application in writing to plaintiff for a renewal loan of $3,500 for the term of two years. This application recited: ''The property offered as security consists of same property now held under note and mortgage made by J. O'Connell for $3,500 on January 8, 1886. . . . Claim filed June 2, 1891. Mrs. O'Connell has since died. Margaret C. Dowd and others, *née* O'Connell.''

On the following day the plaintiff, through its directors, granted the application for the renewal loan. On January 28, 1896, the note and mortgage in the case at bar were executed by the surviving children herein named, the note being for the precise amount and the mortgage being upon the identical property as in the prior mortgage. This note was due, by its terms, January 28, 1897. The prior note had been carried on the books of plaintiff in the name of Jeremiah

O'Connell, and the interest thereon fully paid up to February 8, 1896. The account on the old note with Jeremiah O'Connell was on February 7, 1896, credited with the amount of the new loan ($3,500) and closed on the plaintiff's books. On the same day a new account, on the new note, was opened with the defendants, headed "Margaret C. Dowd et al. (O'Connell children)." On the new note, and under the account as above stated, the interest was paid to June 28, 1897. No interest was thereafter paid, and this suit was commenced September 20, 1898.

The appellant in his opening brief states: *"The sole question in the case is want of consideration for the note and mortgage sued on."*

The court found "that the note and mortgage described in the complaint were executed for a valuable consideration," and we think the evidence fully supported the finding. The old note and mortgage constituted a valid lien upon the lands to which the O'Connell children were heirs. It was created by their father in his lifetime. It was ratified and approved by the mother while she lived. The interest was paid by the children, or by some one for them, long after the father and mother were both dead. The original indebtedness was never paid. By the act of the children in making the new note and mortgage they intended to renew the old ones and to get further time. This was the evident intent, and made plainer by the continued payments of interest. The mortgagors, after executing the note and mortgage, in extension of a debt which was a legal charge upon their property, will not now be heard to say that their act was without consideration. If their sense of right and justice does not impel them to pay the note so made by them, the court, as matter of law, will compel them to pay it. If the plaintiff had attempted to bring suit upon the original note before the maturity of the note in the suit at bar, the court would have held that the transaction as to the new note and mortgage was an agreement to forbear. The very terms of the application were for a "renewal for the term of two years." The application was granted and acted upon. The land was not charged with any additional burden. It was a renewal and extension and was so understood by the parties. In *Otto* v. *Long,* 127 Cal. 474, it appeared that Allen Wood, the husband of Mary Wood, the intestate, during his

lifetime gave to plaintiff his promissory note and what purported to be a mortgage upon land in which he had no estate or title, but which was occupied by Mary E. Long, his daughter, and her husband as a homestead. Allen Wood died, and Mary Wood, the widow, was appointed administratrix. After notice to creditors, plaintiff in said case presented his claim founded upon the note without mention of the mortgage. After the claim had been allowed, the widow, together with her daughter, Mary E. Wood, and her daughter's husband, executed a new note secured by mortgage upon the daughter's homestead to secure the indebtedness due to plaintiff therein from the estate of Allen Wood. It was held that the claim against the estate of Allen Wood was a valid consideration for the new note and mortgage. Still more in point is the late case of *Whelan* v. *Swain,* 132 Cal. 391. It there appeared that defendant L. H. Swain and her husband, during his lifetime, borrowed four hundred dollars. The husband died, leaving surviving him as his sole heirs his widow and one daughter. Prior to his death he had conveyed all his property to his wife, who afterwards conveyed it all to the daughter. The old note was taken up and a joint note given by the mother and daughter payable one day after date. It was held that the new note was supported by a sufficient consideration. In the opinion it is said:—

"The appellant had received the property that belonged to the father and mother when their note was outstanding, and that belonged to the mother alone when her note was outstanding. The new note was payable one day after date, and there was a forbearance implied for at least the one day. If there was a consideration, the law will not attempt to measure the amount thereof. . . . There was no necessity for an express agreement to delay. The taking of the new note, payable at a future day, imposed upon the payee the duty of waiting until the maturity of the new note."

So in the case at bar there was an implied agreement on the part of the plaintiff to forbear. This was sufficient and there was no necessity for an express agreement. (*Thompson* v. *Gray,* 63 Me. 230, and cases cited.)

We regard the circumstances that the old note was not delivered up and the old mortgage canceled of record as immaterial. It does not appear that they are outstanding, and

plaintiff is not seeking to recover upon them. If defendants had discharged the indebtedness on the renewal note, there would have been no trouble. The plaintiff would have satisfied the old mortgage of record, or, if it had refused, it would have been liable to a penalty under the statute.

It appears that when the new note and mortgage were executed William J. O'Connell was a minor, but over the age of eighteen years. It is provided in the code that when a contract is made by a minor over the age of eighteen it may be disaffirmed either during minority or within a reasonable time afterwards by "restoring the consideration to the party from whom it was received or paying its equivalent."

There is no claim made that William J. O'Connell ever attempted to restore any consideration or the equivalent thereof. It is claimed, however, that the court erred in finding that the said minor did not disaffirm his contract within a reasonable time. This contention is based upon the evidence of W. J. O'Connell, who testified that he was born September 10, 1877. His sister, Mrs. Dowd, testified that he was born September 10, 1876. The court, by its findings, gave credence to the evidence of the sister, Mrs. Dowd. We have no power nor inclination to interfere with the finding on such conflict of testimony.

It follows that the judgment and order should be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Van Dyke, J., Harrison, J.