[S. F. No. 3028.   Department One.—November 29, 1904.]

# MARY S. ROHRBACHER, Appellant, v. JOHN R. AITKEN, and J. C. CULLEN, Respondents.

ACTION TO CANCEL NOTE—CONSIDERATION—FINDING—PRESUMPTIONS.—In an action to cancel a promissory note for alleged want of consideration, the note must be presumed to have been executed for a sufficient consideration, and where the court found that there was a good and sufficient consideration therefor moving from the payee to the plaintiff, all presumptions are in favor of the finding of the court.

ID.—NOTE FOR SHORTAGE IN ESTATE OF DECEASED PERSON—DISMISSAL OF PROCEEDING AGAINST SURVIVING EXECUTOR.—Where the note of the plaintiff, payable in six months, was executed to the defendant as assignee of a three-fourths interest in the estate of a deceased person, of which plaintiff's deceased husband and a surviving executor were co-executors, in settlement of a shortage in the estate on the part of plaintiff's husband as executor, and in consideration of the dismissal of a proceeding legally instituted by the assignors of the payee, as heirs, to suspend the powers of the surviving executor, and to revoke his letters, such dismissal, after a full investigation of all the facts by plaintiff's attorney, was a sufficient consideration for the note.

ID.—COMPROMISE AGREEMENTS BY LITIGANTS FAVORED.—Where a legal proceeding has been instituted, and the parties, after investigation, in the absence of fraud, make a compromise agreement, on account of which the proceedings are dismissed, the dismissal is a consideration for the agreement, which cannot afterwards be made to depend upon the question whether or not the party could have prevailed in the proceeding. Such agreements, in the absence of fraud, are favored and sustained by the courts, because they put an end to litigation and tend to produce peace and good-will.

ID.—DUTY OF PLAINTIFF TO PERFORM AGREEMENT—GOOD FAITH AND HONESTY.—It appearing that plaintiff, having faith in her attorney, and wishing to save the reputation of her deceased husband, made the agreement and signed the note, under the circumstances of the case good faith and honesty require that plaintiff should keep the agreement she has made.

ID.—PRESENTATION OF CLAIM UNNECESSARY—PERSONAL OBLIGATION.—It was not necessary for the defendants to have presented any claim against the estate of the deceased husband of the plaintiff for his shortage as executor, the claim having been settled by the personal obligation of the plaintiff. If she desired the estate of her deceased husband to be alone responsible, she should have taken that position before she signed the note.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. M. C. Sloss, Judge.

The facts are stated in the opinion.

Reddy, Campbell & Metson, and Campbell, Metson & Campbell, for Appellant.

The note was without consideration, having been executed solely on account of her husband's shortage. (*Chaffee* v. *Browne,* 109 Cal. 211.) The surviving executor was not liable for the deceased executor's shortage, in which he took no part. (*Abila* v. *Burnett,* 33 Cal. 658, 667; *In re Sanderson,* 74 Cal. 199, 211; *In re Osborn,* 87 Cal. 1, 5; *Douglass* v. *Satterlee,* 11 Johns. 16, 21; *White* v. *Bullock,* 20 Barb. 91; *Davis* v. *Walford,* 2 Ind. 88; *Call* v. *Ewing,* 1 Blackf. 301; *Ray* v. *Doughty,* 4 Blackf. 115; *O'Neall* v. *Herbert,* 1 McMull. Eq. 495.)

John R. Aitken, for Respondents.

The note was supported by the agreement of compromise and settlement, and the dismissal of the case against the surviving executor, without regard to whether it was ultimately maintainable or not. (Beach on Contracts, secs. 175, 177; *Clark* v. *Turnbull,* 47 N. J. L. 265;[1] *Longridge* v. *Dorville,* 5 Barn. & Ald. 117; *Edwards* v. *Baugh,* 11 Mees. & W. 639; *Cooper* v. *Parker,* 14 Com. B. 118; *Morey* v. *Town of Newfane,* 8 Barb. 645; *Sigsworth* v. *Coulter,* 18 Ill. 204; *Grandin* v. *Grandin,* 49 N. J. L. 508, 510;[2] *Stewart* v. *Ahrenfeldt,* 4 Denio, 189; *Moon* v. *Martin,* 122 Ind. 211; Wharton on Contracts, sec. 533; *Bollin* v. *Metcalf,* 6 Wyo. 1;[3] *Hale* v. *Akers,* 69 Cal. 160; *McClure* v. *McClure,* 100 Cal. 339; *Bank of Commerce* v. *Scofield,* 126 Cal. 156; *Chahoon* v. *Hollenback,* 16 Serg. & R. 425;[4] *Peirce* v. *New Orleans etc. Co.,* 9 La. 397;[5] *Smith* v. *Farra,* 21 Or. 405; *Fisher* v. *May,* 2 Bibb, 448.[6])

COOPER, C.—This action was brought to obtain the cancellation of a promissory note upon the ground that the maker had received no consideration therefor and to enjoin the holder from attempting to realize upon certain shares of stock

---

[1] 54 Am. Rep. 157.
[2] 60 Am. Rep. 642.
[3] 71 Am. St. Rep. 898.
[4] 16 Am. Dec. 587.
[5] 29 Am. Dec. 448.
[6] 5 Am. Dec. 626.

pledged to him as security for said note. Upon the findings judgment was entered for defendants, and this appeal is from the judgment and order denying plaintiff's motion for a new trial.

The case turned upon the question as to whether or not there was a good and sufficient consideration for the note. The trial court found that "there was a good and sufficient consideration therefor moving from the said defendant, John R. Aitken, to the said plaintiff." The promissory note is presumed to have been executed for a sufficient consideration, and all presumptions are in favor of the finding of the court. We are of the opinion that the evidence supports the finding. Philip Rohrbacher, the husband of plaintiff, prior to his death, had been a joint executor with one Ehmann, of the will and estate of one Merz. After his death, in April, 1897, it was discovered that there was an apparent shortage on the part of deceased in the funds of the Merz estate of about five thousand dollars.

Defendant Aitken is the assignee of a three-fourths interest in the estate of Merz. In September, 1898, two of the heirs of the Merz estate, assignors of defendant Aitken, petitioned the court having jurisdiction to suspend the powers of the surviving executor, Ehmann, and to revoke his letters testamentary, and thereupon citation was issued and an order made "temporarily suspending the powers of the executors of said estate and directing said executors to show cause on the 12th day of September, 1898, why they should not be removed as executors of said estate."

Pending the hearing on the citation Mr. Louis F. Dunand, who was attorney for plaintiff in the estate of her deceased husband, had investigated the matter of the shortage in the Merz estate, and had been engaged in negotiations with Mr. Asher, the attorney for defendants, as to said shortage. Dunand testified: "She examined the figures, and I communicated the facts to Mrs. Rohrbacher. One day Emma Rohrbacher, a daughter, stated that she preferred that she, her two daughters and Mrs. Rohrbacher should pay the money by the execution of this note. . . . Mrs. Rohrbacher was the executrix of her husband's estate. . . . The lady and her child wished to pay the obligation of their father to the estate of Merz. . . . The daughter stated that she did not want

her papa to owe any money, that when any money came out of her father's estate she would be willing to contribute her share and Mrs. Rohrbacher stated that she would see the other sisters and that if they wished to contribute she would give us an answer. At the next interview they were perfectly satisfied. . ... Our conversations were with reference to settling the amount of the deficit. The note was signed four or five months after negotiations had been commenced."

Plaintiff testified: "I signed the note and agreement submitted to me. It was claimed that there was a shortage in the Merz estate, and as I did n't want any scandal, or anything, I thought if I got anything out of my husband's estate, and my daughter's, we decided to settle that matter rather than to have any scandal."

Defendant Aitken testified: "The consideration for the note was the dismissal of the proceedings against Mr. Paul Ehmann—the waiving of the claim against him. The consideration was the dismissal of the citation against Ehmann."

Plaintiff was represented by her counsel in all the negotiations and investigations as to the shortage of her deceased husband as executor of the Merz estate. She consulted her daughters and fully investigated the matter. After such investigation, and with the consent of her attorney, she executed the note and agreement. The citation against the surviving executor, Ehmann, was thereupon dismissed and the matter regarded as settled. The defendants changed their position upon the faith of the note and agreement. It may be that now they would be unable to collect from the co-executor. Where legal proceedings have been instituted, and the parties, after investigation, in the absence of fraud, make a compromise agreement, and the proceedings are in consideration thereof dismissed, the dismissal of the proceedings constitutes a consideration for the agreement. The parties cannot afterwards make the agreement depend upon the question as to whether or not the party could have prevailed in such proceeding. If so, no compromise agreement would be valid. Such agreements, in the absence of fraud, are favored and sustained by the courts, because they put an end to litigation, and tend to produce peace and good-will. Plaintiff, having faith in her attorney, and wishing to sustain the reputation of her deceased husband, knowing all the facts, made

the agreement and signed the note. Good-faith and honesty now require that she keep the contract she has made. She made the contract and note in March, 1899. She did not commence this action until September, 1899. The action was not tried until May, 1901. It was not necessary for defendants to have presented a claim against the estate of plaintiff's deceased husband. The claim was settled by the personal obligation of plaintiff. If she desired the estate of her deceased husband alone to be responsible, she should have taken that position before she signed the note. The principles herein stated have been applied by the courts in many cases. They were applied in a case where the husband died leaving a note unpaid, and having transferred all his property to his wife, who in turn transferred it to her daughter, and the mother and daughter gave a new note to the creditor of the deceased husband (*Whelan* v. *Swain,* 132 Cal. 389), and where a note and mortgage had been executed by the husband and wife, the husband died and the claim of the mortgagee was proven against the estate, the wife and children executed a new note and mortgage upon the same property. (*Humboldt Sav. etc. Soc.* v. *Dowd,* 137 Cal. 408.) It was there said: "The mortgagors, after executing the note and mortgage, in extension of a debt which was a legal charge upon their property, will not now be heard to say that their act was without consideration. If their sense of right and justice does not impel them to pay the note so made by them, the court, as a matter of law, will compel them to pay it."

In *Connecticut Life Ins. Co.* v. *McCormick,* 45 Cal. 580, it was held that a mortgage executed by a married woman upon her separate property to secure money due and owing by her husband was valid. In the late case of *Farmers etc. Bank* v. *De Shorb,* 137 Cal. 693, it is said: "It is the well-settled rule that a married woman may mortgage her separate property for the debt of her husband." (See, further, *Walker* v. *Dixon Crucible Co.,* 47 N. J. Eq. 342; *McNulty* v. *Cooper,* 3 Gill & J. 214; *Shipman* v. *Lord,* 58 N. J. Eq. 380.) We have carefully examined the case of *Chaffee* v. *Browne,* 109 Cal. 211, relied upon by appellant, and are not disposed to extend its doctrine beyond the facts therein stated, though it is not in conflict with what is here decided. There the mortgage was given by a married woman to secure

the pre-existing debt of her husband.  No extension of time was given, and nothing was given up or surrendered.  "The wife received nothing, the husband received nothing, the creditor parted with nothing."  (As to the effect of *Chaffee* v. *Browne,* 109 Cal. 211, see *McDonald* v. *Randall,* 139 Cal. 252.)  In this case the creditor parted with his right to pursue the proceedings instituted by his citation.  Six months' time was given by reason of the note.  The plaintiff kept the question as to her husband's shortage in his capacity as trustee from being openly investigated in such proceeding.

We advise that the judgment and order be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.