[S. F. No. 3401.   Department Two.—April 7, 1905.]

## GIUSEPPE LAGOMARSINO, Respondent. v. ROSA GIAN-NINI, née Lagomarsino, Appellant.

PROMISSORY NOTE—SUBSEQUENT INDORSEMENT BY THIRD PARTY—WANT OF CONSIDERATION.—The indorsement of a demand note by a third party long subsequent to its execution, and after the death of the maker, without any new consideration or the relinquishment of any right by the payee, imposes no obligation upon the indorser.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. M. C. Sloss, Judge.

The facts are stated in the opinion.

Joseph F. Cavagnaro, for Appellant.

Devoto & Richardson, for Respondent.

GRAY, C.—The plaintiff sets forth in his complaint a promissory note for the principal sum of three hundred and fifty dollars, executed by the husband of the defendant in his lifetime to the plaintiff. He alleges further that he demanded payment and threatened suit against the maker of said note, and that thereupon the defendant promised that if the plaintiff would pay to her the sum of one hundred dollars and not commence the suit, the defendant would guarantee the payment of the said note of three hundred and fifty dollars and the further sum of one hundred dollars. That thereupon the said plaintiff paid to defendant one hundred dollars, and the defendant wrote her name across the back of said note and placed figures thereon as follows, to wit: "Mrs. Rosa Lagomarsino $450." The plaintiff demanded judgment for four hundred and fifty dollars and interest. On a trial before a jury plaintiff obtained a verdict and judgment for three hundred and fifty dollars.

The defendant appeals from an order denying her a new trial. One of the defenses made at the trial was that the signature of the defendant upon the back of the note was made without consideration. We think the undisputed evidence taken at the trial established this defense.

CXLVI. Cal.—35

The note executed by defendant's husband was dated January 1, 1898, and was due "on demand." The plaintiff visited his cousin, the husband of defendant, about January 1, 1900, finding him sick in bed, and demanded payment of the note. The cousin replied that he had no money, and his wife, the defendant, asked for a further loan of a hundred dollars. The plaintiff agreed to make the loan and to deliver the money to defendant's brother. Some two or three days thereafter defendant's brother called on plaintiff and received the hundred dollars. This must have been either the day before or on the same day that defendant's husband died, for the latter died on January 3, 1900. In none of those conversations does it appear that anything was said or agreed to the effect that the defendant would pay either her husband's note or the hundred dollars that was then loaned. Some time thereafter, the evidence as to the date varying from a month and a half to a year and a half after the death of the husband, the plaintiff came to the defendant and induced her to sign her name on the back of the note and write the figures thereon "$450." The defendant testifies that the plaintiff "came there so often that at last I signed it to satisfy him so he would not bother me." She further says: "I did n't get a cent for signing that note." She denies and says that it is not true that she promised that if plaintiff would lend her a hundred dollars and would not commence suit she would pay plaintiff the whole amount. She declares she said nothing of that kind. There is no evidence that she did say anything of that kind at any time.

Conceding that the hundred dollars was loaned to defendant and not to her deceased husband, still at the time of that loan nothing was said about defendant signing any note or becoming liable on the note in any way. When defendant did place her name on the back of the note nothing was said about relinquishing any right to the hundred dollars that had been loaned her. If she was ever liable on an implied contract for this hundred dollars, she remained liable therefor still, after she placed her name on the note. Wherein did the consideration for her act in placing her name there consist? What did the plaintiff give up, or what did the defendant receive for her signature? There was no talk then concerning it and no promise ever made that plaintiff would refrain from bringing

suit on the note for any length of time or at all.  There was no
consideration for this act of the wife in placing her name
upon the note.  The case is similar to *Chaffee* v. *Browne,* 109
Cal. 211, wherein it was held that a mortgage given by the
wife upon her separate property to secure her husband's ante--
cedent debt, without any new consideration received by either
the husband or wife or moving from the creditor, the mort-
gage is not obligatory for want of a consideration.

Conceding, without deciding, that this signature on the back
of the note was, as respondent contends, a guaranty in writ-
ing of the payment of the note, still it was accompanied with
no new consideration.  ''Where a guaranty is entered into at
the same time with the original obligation, or with the accept-
ance of the latter by the guarantee, and forms with that
obligation a part of the consideration to him, no other consid-
eration need exist.  In all other cases there must be a con-
sideration distinct from that of the original obligation.'' (Civ.
Code, sec. 2792.)

The guaranty that the plaintiff seeks here to uphold was
of the husband's antecedent debt.  ''No new consideration was
given at the time it was executed.  The wife received nothing,
the husband received nothing, the creditor parted with noth-
ing.  The instrument was, therefore, no more than a collateral
security given for an old debt of the husband.'' (*Chaffee*
v. *Browne,* 109 Cal. 211.)

If it were shown that the wife by placing her signature upon
the note had secured the cancellation of her indebtedness for
the hundred dollars loaned, then there might be some ground
for saying that there was a consideration for her act; but
this is not shown.  Neither is it shown that the signature and
the loan of the hundred dollars were parts of the same trans-
action, but on the contrary the evidence shows that they were
entirely separate and distinct, and, further, that defendant
has in no way been released from any part of the obligation
she may have been under to pay the hundred dollars loaned.

The cases of *Humboldt Sav. etc. Soc.* v. *Dowd,* 137 Cal. 408,
and *Whelan* v. *Swain,* 132 Cal. 390, are to be distinguished
from the case at bar in this:  In the first of these cases there
was an application in writing to plaintiff ''for a *renewal
loan* of $3,500, for the term of two years.''  This application
was granted, and the opinion in the case proceeds upon the

theory that the new note and mortgage in effect extinguished the old note and mortgage. The court says: "If the plaintiff had attempted to bring suit upon the original note before the maturity of the note in the suit at bar, the court would have held that the transaction as to the new note and mortgage was an agreement to forbear." Of course the "renewal" of the note and mortgage consisted in giving a new note and mortgage and had the effect to extinguish the old note and mortgage. The extinguishment of one obligation is always a good consideration for another obligation. So in the second case, *Whelan* v. *Swain,* 132 Cal. 390, the old note was surrendered and this was held to be a good consideration. Nothing was surrendered in the case at bar. No obligation was extinguished, and no right to bring immediate action relinquished.

In the foregoing opinion we have assumed that the hundred dollars was loaned by plaintiff to defendant, but this assumption was only for the purposes of the argument. It is unnecessary to decide appellant's contention that the hundred dollars was loaned to the husband, and not to the wife, and we do not in this opinion mean to intimate what our decision would be if we were forced to decide that question. Nor do we wish to be understood as holding that in law the writing of defendant's name on the back of her husband's note amounted to a guaranty of the note, even if a consideration had been shown. We only assume the law in these respects to be as contended by respondent, and, notwithstanding this assumption, for the other reasons given, advise that the order denying a new trial be reversed.

Cooper, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the order denying a new trial is reversed.

Lorigan, J., Henshaw, J., Shaw, J.