[Civ. No. 2661. First Appellate District, Division One.—March 8, 1919.]

ALICE SMITH, Respondent, v. M. H. HERNAN et al., Defendants; LILLIE B. HERNAN, Appellant.

[1] MORTGAGES — COMMUNITY PROPERTY — SECURITY FOR HUSBAND'S DEBT—SUBSEQUENT CONVEYANCE TO WIFE—NEW MORTGAGE—CONSIDERATION.—Where a husband mortgaged community property as security for his individual indebtedness, and thereafter conveyed the property to his wife, and after his debt had been extended from time to time and he had made several payments by which the debt had been reduced, the wife joined him in the execution of a new mortgage on the property to secure his promissory note for the amount then remaining unpaid, the original indebtedness and the various extensions of time granted the husband in which to pay the same furnished a valuable consideration to him for the note and mortgage.

[2] ID.—WIFE'S LIABILITY—SURETYSHIP.—The debt in such case not being that of the wife, and the property being her separate property, she stands as surety for the payment of the debt.

[3] FORECLOSURE—EXPENSE OF SEARCH OF TITLE.—On the foreclosure of such a mortgage, there being no provision in the instrument securing the expense of a search of title prior to foreclosure proceedings, the allowance in the judgment of twenty-five dollars for such expense was erroneous, and the judgment should be modified accordingly.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

J. Early Craig for Appellant.

Gerald C. Halsey and C. Harold Caulfield for Respondent.

WASTE, P. J.—This is an appeal by the defendant Lillie B. Hernan from a decree foreclosing a mortgage. The original indebtedness was contracted by defendant M. H. Hernan and secured by a mortgage of community property executed by him alone. Subsequently said Hernan deeded the property to Lillie B. Hernan, who was and is his wife. The indebtedness being extended from time to time was reduced to $1,175, and defendant M. H. Hernan executed to plaintiff his

promissory note for that amount, to secure which both defendants executed and delivered to plaintiff a mortgage of the same property described in the original mortgage and in the deed from M. H. Hernan to his wife, and then separately owned by her.

The note was not paid when it became due and this action was instituted, resulting in the decree complained of by appellant.

[1] Appellant attacks the finding of the court that the "mortgage was made, executed, and delivered by defendants M. H. Hernan and Lillie B. Hernan, his wife, to plaintiff on the fifth day of December, 1913, at the time of the execution and delivery of the promissory note [executed by defendant M. H. Hernan alone] described in plaintiff's complaint, and as part of the same transaction, and for the purpose of securing the payment of said promissory note according to the terms thereof." This finding was made in response to the issues squarely presented by the pleadings, particularly the denials and affirmative allegations of appellant's answer, and is strictly in accord with the testimony of all the witnesses for both plaintiff and defendants. It will, therefore, not be disturbed.

The original indebtedness and the various extensions of time granted defendant in which to pay the same furnished a valuable consideration to defendant M. H. Hernan for the note and mortgage. (*Humboldt Sav. etc. Society* v. *Dowd,* 137 Cal. 408, 412, [70 Pac. 274]; *Whelan* v. *Swain,* 132 Cal. 389, 391, [64 Pac. 560].) As the consideration was sufficient to support the promise of the husband upon the new note it was sufficient to support the mortgage given by the wife contemporaneously with the execution of the note. [2] The debt not being her own, and the property being her separate property, she stands as surety for the husband for the payment of the debt. (*McDonald* v. *Randall,* 139 Cal. 246, [72 Pac. 997]; *Burkle* v. *Levy,* 70 Cal. 250, [11 Pac. 643]; *Rohrbacker* v. *Aitken,* 145 Cal. 489, [78 Pac. 1054]; *Farmers and Merchants' Bank* v. *De Shorb,* 137 Cal. 693, [70 Pac. 771].)

[3] On the trial of the case, counsel for plaintiff and the court were of the opinion that the mortgage provided for and by its terms secured the expense of a search of title prior to

foreclosure proceedings.   There is no such provision in the mortgage.

The court below is directed to modify the judgment by deducting therefrom the item of twenty-five dollars allowed for search of title, and as so modified the judgment will stand affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 7, 1919.