## McCANN *v.* LEWIS.

The possession of a promissory note, whether obtained before or after maturity, is *prima facie* evidence of ownership. The transfer, with or without value, confers upon the holder the right of action; and a consideration need not be proved, unless a defence is interposed which would otherwise preclude a recovery.

An agreement for the extension of the time of payment, if without consideration, is void.

APPEAL from the District Court of the Eleventh Judicial District, County of Yolo.

The facts appear in the opinion of the Court.

*Wallace & Rayle* for Appellant.

*Smith & Hardy* for Respondent.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

This is an action upon a promissory note, payable to Sarah Ann Cooper, or bearer. The answer admits the execution of the note, but denies its transfer to the plaintiff for a valuable consideration, and sets up that Sarah Ann Cooper was, at the time, the wife of C. Cooper, and that the consideration of the note proceeded from him; that, in April, 1856, he agreed to extend its payment to April 15th, 1858, provided the interest was paid at the end of every twelve months; that he died prior to April 15th, 1857; and that no administration has been had on his estate.

The only question raised by the record is, whether the facts alleged in the answer constitute a defence to the action. The offer of the defendant to prove them was refused, and it being admitted that the plaintiff was the holder of the note in suit, judgment was rendered in his favor.

The possession of a note, whether obtained before or after maturity, is *prima facie* evidence of ownership. The averment of a valuable consideration for the transfer to the plaintiff is gener-

ally immaterial.    The transfer, with or without value, confers upon the holder the right of action; and a consideration need not be proved, unless a defence is interposed which would otherwise preclude a recovery.    (James v. Chalmers, 5 Sand., 52; and 2 Selden, 209.)

The agreement for the extension of the time for the payment of the principal of the note was without consideration.    It conferred no rights which the holder did not already possess.

It is difficult to perceive what effect the death of Cooper, the husband, can have upon the action.    It is not alleged that the transfer of the note was afterwards made to the plaintiff, or that the defendant has any substantial defence to the note in the hands of Sarah Ann, or the representatives of the deceased husband.    It is evident that he feels a much more lively interest in postponing its payment than in protecting the estate of the intestate.

The objection to the interest allowed on the judgment, was considered in Guy v. Franklin, (5 Cal., 416,) and the rule there laid down was affirmed in Emeric v. Tams, (6 Cal., 155.)

Judgment affirmed, with ten per cent. damages.