[No. 8563. In Bank. — November 24, 1885.]

GERMAN SAVINGS AND LOAN SOCIETY, RE-SPONDENT, *v.* JANE HUTCHINSON, EXECUTRIX, ETC., OF CHRISTOPHER HUTCHINSON, DECEASED, ET AL., APPELLANTS.

NOTE AND MORTGAGE — AGREEMENT FOR RENEWAL. — A mortgagor, after the maturity of his promissory note to secure which the mortgage was given, executed to the mortgagee a written instrument, in which, after reciting the execution of the note and mortgage, and the place of record of the latter, it was agreed that the time for the payment of the note should be extended to a subsequent date. The agreement further provided that nothing therein contained should affect or impair any other covenant or condition in the note or mortgage, but that they should remain in as full force and effect as if the agreement had not been made. *Held*, that the agreement was a renewal of the note and mortgage within the meaning of section 2922 of the Civil Code.

ID. — DEATH OF MORTGAGOR — PRESENTATION OF CLAIM — FORECLOSURE OF MORTGAGE — STATUTE OF LIMITATIONS. — After a claim founded upon a note secured by a mortgage has been duly presented to the personal representative of a deceased mortgagor, and allowed and approved, the right of the mortgagee to maintain an action to foreclose the mortgage is not affected by the statute of limitations, pending the proceedings for the settlement of the estate of the mortgagor.

ID. — PAYMENTS BY MORTGAGEE AFTER PRESENTATION OF CLAIM. — In such an action, payments for taxes and street assessments made by the mortgagee after the presentation of the claim, under an authority given in the mortgage, may be recovered without any further presentation.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to foreclose a mortgage. The further facts are stated in the opinion of the court.

*W. H. Allen,* and *E. A. & G. E. Lawrence,* for Appellants.

*Jarboe & Harrison,* for Respondent.

MYRICK, J. — The questions involved in this appeal relate to an alleged renewal of a note, and thereby of a mortgage, regarding the bar of the statute of limitations. December 30, 1872, the testator executed to the plaintiff his promissory note for $1,500 and interest, payable in one year.

The payment of the note was secured by mortgage of even date. On the 5th of January, 1874 (after the maturity of the note), the testator executed to the plaintiff an instrument in which, after reciting the loan of $1,500 and the execution of the note and mortgage, and the place of record of the latter, and that he was desirous of extending the loan, it was agreed "that the time for the payment of the said promissory note shall be extended to, and the said note shall not mature or be payable until, the 30th of December, 1874, provided that this agreement shall not affect or impair any other covenant or condition in the said promissory note or mortgage contained, but that they shall remain as in full force and effect as if this agreement had not been made."

We are of opinion that this agreement was a renewal of the note and mortgage, within section 2922, Civil Code. The maker of the note died September 21, 1875,

and the claim upon the note was presented to the executrix of this estate May 7, 1876, and allowed and approved. No issue was tendered in the answer as to the presentation, allowance, or approval of the claim. This action to foreclose the mortgage was commenced July 30, 1879.

1. We are of opinion the action was not barred by the statute of limitations. "No claim against any estate, which has been presented and allowed, is affected by the statute of limitations pending the proceedings for the settlement of the estate." (Code Civ. Proc., sec. 1569.)

2. The payments of taxes and street assessments were made under authority given in the mortgage, and when such payments are made after the presentation of the claim, they are properly allowable on foreclosure without presentation.

3. The attorney's fee on foreclosure was provided for in the mortgage, and was properly allowed.

No error appears. The judgment and order are affirmed.

Ross, J., McKinstry, J., Thornton, J., McKee, J., and Morrison, C. J., concurred.