[S. F. No. 1937. Department One.—May 7, 1900.]

## MARY E. SEATON, Appellant, v. HENRY G. FISKE et al., Respondents.

FORECLOSURE OF MORTGAGE—EXTENSION OF TIME—PAYMENTS BY VENDEE OF MORTGAGOR—PREMATURE ACTION—DISMISSAL.—A written and acknowledged instrument executed by a mortgagee, and delivered to the vendee of the mortgagor, agreeing that in consideration of a large payment made by the vendee upon the principal of the note and mortgage, and of payment of the monthly interest upon the residue of the principal, the time of payment of such residue should be extended to a specified date, operates as a virtual renewal of the note and mortgage for the new principal to the date agreed upon; and an action to foreclose the mortgage commenced prior to that date is properly dismissed as premature.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

W. F. Fitzgerald, and W. H. Anderson, for Appellant.

The agreement could not operate to extend the time as to Fiske, he not being a party to it.

Henry N. & Jabish Clement, for Respondents.

It would be against equity and good conscience to allow the plaintiff to commence a suit in equity to foreclose a mortgage in violation of his agreement to extend the time, and the action was properly dismissed without prejudice, as premature. (*Loomis v. Donovan,* 17 Ind. 198, 200; *Trayser v. Trustees Ind. Asbury University,* 39 Ind. 556; *Union etc. Ins. Co. v. Bonnell,* 35 Ohio St. 367; Jones on Mortgages, 5th ed., secs. 741, 1190.) The extension of time to the vendee of the mortgagor for the payment of the entire residue of the mortgage, part of which was paid by him, discharged the mortgagor from further liability. (*George v. Andrews,* 60 Md. 26; 45 Am. Rep. 706.)

COOPER, C.—Action to foreclose a mortgage. After trial judgment was entered dismissing the action without prejudice, upon the ground that it was prematurely brought. This appeal is from the judgment and from an order denying plaintiff's motion for a new trial.

On the twenty-third day of April, 1892, the defendant, Henry G. Fiske, executed and delivered to plaintiff his promissory note for eight thousand five hundred dollars, due two years after date, and at the same time executed, acknowledged, and delivered to plaintiff a mortgage upon the lands described in the complaint, as security for the said note. Some time prior to June 25, 1896, after the note and mortgage had become due, the defendant, Henry G. Fiske, sold and conveyed the mortgaged premises to his codefendant, Mary E. Dewing, and she thereupon became, and ever since has been, the owner thereof. After the defendant Dewing became the owner of the said premises, and on the twenty-fifth day of June, 1896, the plaintiff, in consideration of the payment to her of the sum of three thousand five hundred dollars by defendant Dewing, and in consideration that defendant Dewing would pay the interest monthly in advance upon the balance due upon the note after applying the payment of three thousand five hundred dollars, agreed in writing that the balance then due upon said note, to wit, three thousand four hundred dollars, should not become

due or payable until June 23, 1898, and that the time for the payment of the said balance should be extended to said last-named date.

This agreement was signed by plaintiff and properly acknowledged. After the agreement was so made the defendant Dewing at all times paid the interest upon the balance due monthly in advance, as she had agreed to do. The plaintiff received and kept the three thousand five hundred dollars and the interest monthly in advance from defendant Dewing, and, regardless of said written extension, on the twenty-second day of April, 1898, this action was commenced, more than two months before the written extension had expired. We think, upon the facts, the court properly ordered judgment dismissing the action.

To allow the plaintiff, in the face of her agreement, and after receiving the consideration therein named, without any excuse, to foreclose the mortgage upon the property of defendant Dewing would shock the moral sense of any fair-minded person. It would be to allow her to come into a court of equity and use the machinery of the court for the purpose of doing a great injustice, in violation of her contract.

It is not necessary to enter into a discussion as to whether there was any privity of contract between plaintiff and defendant Fiske. The defendant Dewing, being the owner of the property, had the right to make, and did make, a contract with the plaintiff, whereby the plaintiff received the three thousand five hundred dollars and agreed to extend the time of the payment of the note and mortgage. Plaintiff, having kept the three thousand five hundred dollars paid to her under the agreement, will be compelled to perform the agreement. She cannot keep the consideration paid to her and refuse to perform the covenant by which she obtained the consideration. The agreement so made by plaintiff with defendant Dewing was virtually a renewal of the note and mortgage for the new principal of three thousand four hundred dollars, dated June 25, 1896, and due June 23, 1898. (Civ. Code, sec. 2922; *German Savings etc. Soc. v. Hutchinson*, 68 Cal. 53.) It follows from the views herein expressed that the court did not err in the admission of the written agreement signed by plaintiff.

The judgment and order should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Garoutte, J., Harrison, J.