[S. F. No. 2717.    In Bank.—March 20, 1903.]

## ANNIE FRANCISCA DEARBORN, Respondent, v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORK-MEN, Appellant.

UNITED WORKMEN—BENEFICIARY CERTIFICATE—STATUTE OF LIMITATIONS —ACKNOWLEDGMENT BY CORPORATION—ACTION OF BOARD OF ARBI-TRATION.—Where the only defense to an action upon a beneficiary certificate by the wife of a deceased member of a grand lodge of the Ancient Order of Workmen relates to the statute of limitations, a formal judicial acknowledgment of the indebtedness of the cor-poration to the plaintiff, made and signed by its authorized board of arbitration, upon petition of the beneficiary for their action under the rules of the order, whose decision, being unappealed from, became final and conclusive, is a binding act of the corporation, which takes the case out from the operation of the statute of limitations.

ID.—SIGNATURE OF CORPORATION—DELIVERY OF PROMISE—POSSESSION OF RECORD.—It is not necessary that the name of the corporation should be subscribed to its written record or memorial of its acts. It is enough that the record shows upon its face that it is the act of the corporation. Nor need the acknowledgment or promise to pay the certificate be delivered to the beneficiary; nor is it essential that she should have the possession of the record.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion.

William H. Jordan, and Walter S. Brann, for Appellant.

There is no acknowledgment signed by the party sought to be charged to prevent the running of the statute of limita-

tions. (Code Civ. Proc., sec. 360.) There was no necessity for a resort to the action of the order. (*Grimbley* v. *Harrold,* 125 Cal. 24-30; *Daniher* v. *Grand Lodge,* 10 Utah, 110.)

J. N. Young, for Respondent.

Courts will not take jurisdiction until the remedies provided for in the benefit society have been exhausted. (Niblack on Benefit Societies and Accident Insurance, 2d ed., pp. 214, 215, 217, 223; *Levy* v. *Magnolia Lodge,* 110 Cal. 297; *Robinson* v. *Templar Lodge,* 117 Cal. 370.[1]) The moneys payable out of the funds of a fraternal organization are held by it in a fiduciary capacity. (Niblack on Benefit Societies and Accident Insurance, pp. 197, 247, 592.) The action taken by the board of arbitration of the grand lodge is a sufficient acknowledgment by the corporation, and waives the statute of limitations. (Niblack on Benefit Societies and Accident Insurance, p. 617.) It was not necessary that the action of the corporation to bind it, should be signed by its name. (2 Cook on Stock and Stockholders and Corporation Law, 3d ed., p. 1092; *Auzerais* v. *Naglee,* 74 Cal. 60, 69; *Tuggle* v. *Minor,* 76 Cal. 96, 101.)

HAYNES, C.—In July, 1879, Sidney James Smith became a member of said order of United Workmen, and there was issued to him by the defendant a beneficiary certificate in the sum of two thousand dollars, payable to his wife, Annie Francisca Smith, upon his death. After Smith's death his widow, the plaintiff, married one Dearborn, and prosecutes this action to recover the amount of the said beneficiary certificate. The defendant appeared and demurred to the complaint, the demurrer was overruled, and defendant having declined to answer, judgment was entered for the plaintiff, and defendant appeals.

The beneficiary certificate upon which this action is based was issued July 16, 1879. In October, 1882, said member, Sidney James Smith, left his family, consisting of the plaintiff and one child, in San Francisco, and went to Canada in search of employment. Several letters were written by him

[1] 59 Am. St. Rep. 193, note.

to his said wife after his departure, but he was not heard from after September 1, 1898, at which date he left his brother's residence in Canada. Shortly thereafter a man, supposed to be said Sidney James Smith, was found drowned in the Welland Canal, and it was alleged in the complaint "that said Sidney James Smith is now dead and has been dead ever since the ...... day of September, 1883," since which time, it was further alleged, he had not been heard from. Defendant's principal ground of demurrer is that plaintiff's cause of action is barred by section 337 of the Code of Civil Procedure.

The complaint further alleged, however, that at the annual session of the defendant grand lodge, beginning April 4, 1899, the plaintiff presented her petition to the defendant setting forth the membership and death of said Smith, and asking that payment be made to her, as such beneficiary, of said sum of two thousand dollars specified in the said certificate so issued to said Smith; that thereupon the defendant appointed a special committee (No. 1), to investigate the claim of the plaintiff, to hear testimony and to report the same with its findings thereon to the grand lodge at its then session; that said committee then heard the evidence, and duly made and filed its report and conclusions or findings, to the effect that said Sidney J. Smith came to his death by drowning in September, 1883, and that plaintiff is entitled to receive and have paid to her by said grand lodge said sum of two thousand dollars, upon the execution by her of a bond of indemnity; "that said report and conclusions of said special committee No. 1, thereafter and during said annual session of said grand lodge, came up for hearing and consideration, and after due consideration the said grand lodge, without modification or amendment thereof, adopted said report and conclusions wholly and as the same were reported to said grand lodge as hereinbefore set forth."

It is further alleged that the twenty-third annual meeting of the defendant grand lodge was held April 3, 1900, at which the plaintiff again presented her said claim, having obtained a bond of indemnity in the sum of three thousand dollars, in due form, executed by the Fidelity and Deposit Security Company, and said claim was thereupon duly referred to the

board of arbitration of said defendant lodge, which board
thereafter reported as follows, as appears from the published
journal of proceedings of the defendant had at its said an-
nual session:—

"To the Grand Master Workman, Officers and Brothers of
the Grand Lodge, A. O. U. W., of California:—

"Your committee on arbitration to whom was referred
document No. 9, the matter of Sidney J. Smith, formerly a
member of Valley Lodge No. 30, A. O. U. W., beg leave to
report that they have duly considered the same and find that
at the last session of the grand lodge, an application was made
by the widow of our late brother, Sidney James Smith, to
have paid to her the amount payable under and by virtue of
the beneficiary certificate of said Brother Smith.

"That a special committee was duly appointed by the grand
lodge to consider the matter, and after full and careful in-
vestigation that special committee made and returned their
report, which is found in the proceedings of the last session
of this grand lodge on pages 184 to 186.

"That the said special committee reported, as its conclu-
sions, as follows:—

"That the said Sidney J. Smith came to his death by
drowning in the month of September, 1883, and that your
petitioner herein, Annie F. Smith (now Dearborn), who is
named as beneficiary in said beneficiary certificate, is entitled
to receive and to have paid to her by this grand lodge the
sum of two thousand ($2,000) dollars payable to her under
said beneficiary certificate.

"We, therefore, recommend that this grand lodge pay to
said Annie F. Smith (now Dearborn) the sum of two thousand
($2000) dollars upon her executing and delivering to this
grand lodge a bond in due form signed by two good and suffi-
cient sureties to be approved by the finance committee agree-
ing to indemnify this grand lodge against any and all loss by
reason of the payment of the same to her, and which report
was adopted by the grand lodge.   (See page 203, Grand
Lodge Proceedings, 1899.)

"Your committee further find that subsequent to the ad-
journment of this grand lodge the widow of said Sidney J.
Smith as such beneficiary, procured a bond from the Fidelity

and Deposit Security Company carrying on business in this city, in due form and in the sum of three thousand dollars ($3000), to which bond it appears there was no objection either as to form or sufficiency, and we find that the said beneficiary has fully complied with the directions of this grand lodge at its last session and has done everything required to be done on her part.

"We, therefore, recommend that the same or a similar bond be submitted to the incoming grand master for his approval, and that thereupon the said sum of two thousand dollars ($2000) be paid to the said beneficiary. F. Adams, D. S. Hirshberg, J. P. Jarman, C. F. Curry, board of arbitration."

It is further alleged that section 90 of the constitution of the defendant grand lodge, provides as follows:—

"Arbitration. Five past master workmen, to be appointed by the grand master workman, shall constitute a board of arbitration to hear and determine all controverted questions which may arise as to the disbursement of the beneficiary fund under the control of the grand lodge. In this board is vested the jurisdiction to hear and determine all controversies as to the liability of the grand lodge for any claim made against it by those claiming to be the beneficiaries of deceased members, and also as to who are entitled as beneficiaries when conflicting claims are set up, and the decision of a majority of said board shall be final and conclusive; subject, however, to appeal to the grand and supreme lodge, as provided in section 33, constitution of the supreme lodge. It being the purpose and intention of this provision that all these rights shall be thus determined without recourse to the courts of law."

The constitution further provides that an appeal may be taken from the action of the board of arbitration to the grand lodge and to the supreme lodge, within sixty days, and that if no appeal is taken "such claims as are allowed by the board, or grand lodge upon appeal, shall be paid without awaiting further action of the grand lodge." No appeal was taken from the action of the board of arbitration, and a sufficient bond of indemnity was submitted and delivered to the grand master.

No question is made by appellant as to the regularity and validity of the beneficiary certificate issued to Smith, nor as to the compliance by him with all the conditions relating thereto, nor that defendant would have been liable thereon to the plaintiff if her action had been brought within four years after her husband's death; but defendant's contention is that "the proceedings set forth in the complaint as having been taken by the grand lodge do not evidence a writing, and that even if they did they are not signed by the party to be charged." This contention is without merit. The defendant is a corporation, an artificial person. It cannot sit down and write its name. It acts through its members, or officers, or agents. "It has always been held that a corporation may give its assent to a contract by vote of its shareholders or members, at a meeting duly convened." (Morawetz on Corporations, sec. 337.) Here all that the corporation did was written down—recorded—by its authorized officers, and their act in so doing was the act of the corporation. It is not necessary that the name of the corporation should be subscribed to its written record or memorial of its acts. It is enough that the record show upon its face that it is the act of the corporation. (See, *Auzerais* v. *Naglee,* 74 Cal. 69, and cases there cited.) Here, the constitution vested in the board of arbitration "the jurisdiction to hear and determine all controversies as to the liability of the grand lodge for any claim made against it by those claiming to be beneficiaries of deceased members," subject only to an appeal taken to the grand lodge or to the supreme lodge. Plaintiff's claim was referred to said board of arbitration, and its report thereon was signed by the members of that board, and no appeal having been taken therefrom, its action was final and conclusive. That board declared that plaintiff "is entitled to receive and have paid to her by this grand lodge the said sum of two thousand dollars payable to her under said beneficiary certificate." Here was a distinct and unequivocal admission of the liability of the defendant which implied a promise to pay it. The name of the grand lodge appeared in the acknowledgment, and the signature of the members of the board was, under the provisions of the constitution, a signing by the grand lodge, and this action of the board could only

be changed or annulled by an appeal, and no appeal was taken.

It is said, however, that no acknowledgment or new promise was delivered to the plaintiff. The proceeding before the board of arbitration, however, was a judicial proceeding to which the plaintiff was a party, and was taken upon her petition, and the record was made for her benefit. It was not a promise to a stranger, or third party, but to her, and the possession of the record by her is not essential.

No other matters require notice. The demurrer was properly overruled, and the judgment should be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

         McFarland, J.,    Henshaw, J.,    Lorigan, J.,
         Van Dyke, J.,    Shaw, J.,
         Angellotti, J.,    Beatty, C. J.