[S. F. No. 6956.   Department Two.—July 26, 1916.]

## CHARLES S. TRIPLER, Trustee, etc., Respondent, v. MacDONALD LUMBER CO. (a Corporation), et al., Appellants.

MORTGAGE—SECURITY FOR PAYMENT OF INDEBTEDNESS OF CORPORATION—
PURCHASE OF PROPERTY WITH ABSTRACTED FUNDS OF CORPORATION—
LACK OF NOTICE OF MORTGAGEE—SUFFICIENCY OF EVIDENCE.—In
an action brought by the trustee in bankruptcy of an insolvent cor-
poration to quiet title to certain real property purchased by the
wife of the president of the corporation under contract, and al-
leged to have been paid for with the corporation's funds drawn by
such officer without authority and without consideration, a finding
that the defendant, who held a mortgage on the property, executed
by the president of the corporation and his wife as individuals
to secure the payment of an existing indebtedness owned and held
by such defendant against the corporation, had notice of the fact
that at the time the note and mortgage were executed and delivered
the money paid for the property was drawn from the funds of the
corporation and that the corporation was insolvent, is unsupported,
where it appears that the president of the corporation and his wife
were actually residing on the property at the time when the note
and mortgage were given, and the defendant was advised by the
former that it was his wife's property, and that the defendant had
no knowledge of the financial condition of the corporation.

ID.—CONTRACT TO PURCHASE LAND—MORTGAGEABLE INTEREST.—One who
holds a contract for the purchase of real property upon which cer-
tain payments have been made has a mortgageable interest in the
property, and the mortgagee of such interest acquires a real inter-
est in the property.

ID.—PAYMENT OF PRE-EXISTING INDEBTEDNESS—MORTGAGE—CONSIDERA-
TION.—A creditor who takes a mortgage to secure a pre-existing
debt is a bona fide purchaser for value, where the consideration for
the mortgage is an extension of the time for the payment of the
indebtedness.

APPEAL from a judgment of the Superior Court of San Mateo County, and from an order denying a new trial. George H. Buck, Judge.

The facts are stated in the opinion of the court.

Randolph V. Whiting, for Appellants.

Henry A. Jacobs, and Louis H. Brownstone, for Respondent.

MELVIN, J.—Defendant appeals from the judgment and from an order denying its motion for a new trial.

Plaintiff is the trustee in bankruptcy of Little & Walpert, a corporation. He sued to quiet title to certain real property in the county of San Mateo. MacDonald Lumber Company (a corporation) answered, setting up a promissory note executed by Fannie E. Little and Walter J. Little, her husband, and a mortgage on the property here involved to secure payment of said note. Defendant also pleaded that in another action between the Littles and the MacDonald Lumber Company there had been a judgment that the said promissory note was a good and valid promissory note constituting a good, valid, and binding obligation upon Fannie E. and Walter J. Little, and that the said mortgage was a good, valid, and legal one and a subsisting lien upon the property.

The cause was duly tried and the court found, among other things, that plaintiff became trustee in bankruptcy of the estate of Little & Walpert, Inc., a corporation, on May 4, 1910; that on the 19th of June, 1907, Burlingame Realty Company, a corporation, then the owner of the real property which is the subject of this litigation, entered into a written agreement with Fannie E. Little, by which the said corporation agreed to sell and Mrs. Little promised to buy the land at a total purchase price of one thousand eight hundred dollars, plus certain interest and taxes; that on June 29, 1910, this agreement was transferred by Mrs. Little to plaintiff as trustee in bankruptcy of the estate of Little & Walpert, Inc.; that up to said date last specified Walter J. Little, president of Little & Walpert, paid $1,346.10 on account of the purchase price of the land; that said money was drawn without authority from the funds of the corporation; that the corporation received no consideration for it; and that no charge was made against any person

or persons whomsoever for the sums so withdrawn. It was also found that on August 29, 1910, plaintiff paid $674.30, the balance due on the purchase price of said property to the successor of the Burlingame Realty Company's interest and received a deed which was placed of record October 27, 1910; that between June 19, 1907, and August 29, 1910, Walter J. Little caused a building to be erected on the property at a cost of approximately four thousand dollars; that this building was paid for, in the same manner as payments had been made on Mrs. Little's behalf on the purchase price of the land by moneys drawn without authority and without charge from the funds of Little & Walpert, Inc.; that none of the moneys drawn for either purpose from the treasury of said corporation had ever been repaid; that on February 26, 1910, the Littles gave their promissory note to MacDonald Lumber Company for $3,315, secured by their mortgage on said real property, which said mortgage was duly recorded in the following month; that the note and mortgage were executed to secure the payment of an existing indebtedness then owned and held by MacDonald Lumber Company against Little & Walpert, Inc., and MacDonald Lumber Company, in consideration of the execution and delivery of the note and mortgage extended the time of payment of the indebtedness for a period of two years; that the mortgage was executed within four months prior to the adjudication of Little & Walpert, Inc., as a bankrupt; that the lumber company had knowledge of the insolvency of the other corporation; that there was no valuable consideration for the execution of the mortgage; that the said mortgage was not accepted by the MacDonald Lumber Company in good faith to the existing creditors of Little & Walpert, Inc., but said mortgage was executed by the mortgagors with intent to prefer the lumber company over the other creditors of the insolvent corporation. The court found also that the Littles on the eleventh day of March, 1910, brought an action whereby they sought to have the note and mortgage canceled; that plaintiff had actual knowledge of the pendency of said action; that said action had been prosecuted to a final judgment between the parties thereto; and that by said judgment it was determined "that said promissory note, was a good and valid promissory note, and that the same constitutes a good, legal and binding obligation of Fannie E. Little and Walter J. Little, her husband, and that the aforesaid mort-

gage given to secure the payment of said note as aforesaid, was a valid, legal and subsisting mortgage upon the real property."

Appellant contends (1) that the evidence does not disclose a resulting or a constructive trust in favor of plaintiff; (2) that if such trust is shown defendant is not prejudiced because that corporation is an innocent mortgagee for value without notice of said trust; (3) that the evidence does not sustain the finding that the property was purchased by the money of Little & Walpert; (4) that no unlawful preference is shown to have been given to appellant; (5) that plaintiff is estopped by the former judgment; and (6) that plaintiff's assignor's laches should bar recovery.

It will not be necessary to consider all of these alleged errors because we find no evidence in the record to support the finding that the MacDonald Lumber Company was a purchaser with notice of the fact that the money paid for the property was drawn from the funds of Little & Walpert, or with notice of the insolvency of the last-named corporation. Respondent insists that under sections 853 and 2224 of the Civil Code, the appellant was an involuntary trustee into whose possession the property might be followed. Assuming, but not conceding, that such a trust was established in favor of Little & Walpert, and that Mrs. Little and her husband were the trustees, MacDonald Lumber Company invokes section 2243 of the Civil Code, which is as follows: "Every one to whom property is transferred in violation of a trust, holds the same as an involuntary trustee under such trust, unless he purchased it in good faith, and for a valuable consideration." It is true that Mrs. Little held merely a contract for the purchase of the property upon which certain payments had been made, but that was an interest which might be mortgaged. Section 2947 of the Civil Code provides that "any interest in real property which is capable of being transferred may be mortgaged." MacDonald Lumber Company therefore acquired a real interest in the land.

Respondent cites 27 Cyc. 1051, to the effect that although a pre-existing debt will support a mortgage given as security therefor, a creditor who takes a mortgage to secure such a debt without furnishing any new consideration is not regarded as a *bona fide* purchaser for value. It is argued that the MacDonald Lumber Company, having taken the mortgage to secure a

pre-existing debt, is not entitled to the equities of an innocent purchaser for value. The answer to this argument is that as the court duly found, a new consideration was created by the extension of the time of payment of the indebtedness. Such a consideration is a good and sufficient one for a mortgage. (27 Cyc. 1052; *Burkle* v. *Levy*, 70 Cal. 250, [11 Pac. 643] ; *Rohrbacher* v. *Aitken*, 145 Cal. 485–489, [78 Pac. 1054].) The defendant, therefore, was the mortgagee of an interest in the land and the mortgage was supported by a valid consideration. Unless there was proof that said defendant had notice of the existence of a trust in favor of Little & Walpert, the court was bound to give effect to the mortgage because it antedated of record the title which plaintiff acquired by his deed. Without notice of a trust the encumbrancer's rights could not be prejudiced. (Civ. Code, sec. 856.) We find in the record no testimony to support the finding that defendant had notice of the rights of the Little & Walpert corporation when the note and mortgage were executed and delivered. The defendant's president, Mr. MacDonald, who conducted the negotiations, testified that he had no idea that anyone had any interest in the land except Mrs. Little. Respondent's counsel say that the acceptance of the note and mortgage at a time when the corporation known as Little & Walpert was in financial difficulties, and the failure of appellant's officers even to make any examination of the records to ascertain the interest of Mrs. Little and her husband, argues that the officers of defendant were fully cognizant of the facts. We are unable to see how these circumstances have any force in support of the findings respecting defendant's knowledge. It appears that Mr. and Mrs. Little were actually residing on the property when the note and mortgage were delivered, and that the former told Mr. MacDonald that it was Mrs. Little's property. But respondent's counsel say: "To prove actual notice is, in many instances, very difficult, but in this regard one must take into consideration all of the facts and circumstances surrounding the particular transaction. The very circumstances of this case, to wit, the relationship between MacDonald Lumber Co., a corporation, and Little & Walpert, Inc., a corporation, was such as beyond any reasonable doubt, to have made the MacDonald Lumber Co. aware of the financial condition of Little & Walpert, Inc., a corporation, and the lower court, taking all things into consideration, so held." The relationship between

the corporations is not shown by the record except that at the time of the execution of the mortgage, as the books revealed, Little & Walpert owed the other corporation a little more than the principal sum written in the note. No testimony or documentary showing that we have been able to find in the record has any tendency to prove that the officers of the lumber company should or could have known that the moneys of the corporation, and not the funds of Mr. and Mrs. Little, were invested in the property, or that said officers had notice of the insolvent condition of Little & Walpert.

It follows that the judgment and order must be reversed and it is so ordered.

Henshaw, J., and Lorigan, J., concurred.