[Civ. No. 4569. Third Appellate District.—July 21, 1932.]

ATLAS MIXED MORTAR COMPANY (a Corporation), Appellant, v. J. P. STEIN et al., Respondents.

G. C. DeGarmo, H. B. Cornell and Winthrop M. Crane for Appellant.

Willebrandt & Horowitz, Paul J. Fritz and Fred Horowitz for Respondents.

JAMISON, J., *pro tem.*—This action was brought by plaintiff to foreclose a mechanic's lien for material furnished to defendant J. P. Stein. Respondent Progressive Finance Corporation answered, claiming that it was the owner of a deed of trust upon the premises covered by the said mechanic's lien and that said deed of trust was prior to said lien. Judgment was rendered in favor of appellant against defendants Stein, Peet and Cheroff for the various sums alleged to be owing to it as set forth in the complaint, but adjudged respondent's deed of trust to be superior in point of time to appellant's said lien. Appellant does not deny that the deed of trust is a prior lien, but contends that it was executed without consideration and is, therefore, null and void.

Respondent was the owner of the property in controversy and desiring to sell it listed it with one Kalb, a real estate broker. Kalb worked in conjunction with another real estate broker named Gordon and associated with Gordon and occupying the same office was defendant Stein. Stein was engaged in the building business. Stein agreed to purchase the property for the sum of $34,000, $2,000 of which was to be paid to Gordon and Kalb for the commission in making said sale. On July 9th the said Steins and the Progressive Finance Corporation executed escrow instructions by the terms of which the said Steins were to pay $11,250 in cash and deliver a note for $22,750 secured by deed of trust not to exceed $60,000. The Progressive Finance Corporation placed in the hands of the Title Guaranty and Trust Company, the escrow-holder, a deed for said property to be delivered upon compliance with said terms. On July 27, 1928, the said Steins executed their note, secured by a deed of trust to said Gordon and on the sixth day of August, 1928, the said Gordon assigned the said note and deed of trust to the Progressive Finance Corporation as collateral security for the payment of said sum of $22,750. On the 7th of September, 1928, the said Gordon

wrote the said escrow-holder, inclosing the $60,000 note and deed of trust, which he stated had been assigned to the Progressive Finance Corporation as collateral security authorizing it to use the same under instructions from the said Steins, and on September 12th, Stein wrote the escrow-holder authorizing the said note and deed of trust to be used in accordance with said escrow. On September 8, 1928, the Progressive Finance Corporation requested said escrow-holder to place the date of said deed of trust as of September 6, 1928. It appears that the said escrow was closed and the deed to the property was delivered to the Steins and the $60,000 note and deed of trust were delivered to the Progressive Finance Corporation.

J. P. Stein testified the terms under which he purchased the property were that he was to pay $11,250 in cash and to give a note for $22,750 secured by a deed of trust, the amount of the deed of trust to be determined later.

Some time after the date of the escrow, Stein suggested that the deed of trust should be for $60,000. The object in placing the deed of trust at this sum was primarily to secure the balance of the purchase price of said property, to wit: $22,750 and to endeavor to discount said note and mortgage, pay off the $22,750 and use the remainder in his business and having full confidence in Gordon, he executed the same to him as a matter of expediency.

Appellant contends that the Progressive Finance Corporation accepted a $22,750 note without security in payment of the remainder of the purchase price of said property, but there is no evidence supporting this contention. Appellant cites authorities to the effect that a valid deed of trust must rest upon a sufficient consideration, and others, where the courts have held that there was no consideration, but none of the cases are applicable to the facts as presented by this case. It is true that no consideration passed from Gordon to the Steins for the note and mortgage, but they were executed by the Steins for the purpose of completing and fulfilling the terms of the escrow agreement upon their part, and when Gordon assigned them to the Progressive Finance Corporation the escrow agreement upon the part of the Steins was completed and they thereupon became entitled to receive and did receive the deed conveying to them the title to said property.

██ Upon a plea of want of consideration a presumption of consideration arises from the writing itself. (*Moore* v. *Gould,* 151 Cal. 723 [91 Pac. 616]; Civ. Code, sec. 1614, and 17 Cal. Jur. 953.) The burden of proof is upon the party seeking to invalidate the instrument for want of consideration. (Civ. Code, sec. 1615.)

██ We find no merit in the contention of appellant that the note and deed of trust, in the hands of the Progressive Finance Corporation, were without a sufficient consideration.

Appellant having presented no other grounds for reversal, the judgment is affirmed.

Preston, P. J., and Plummer, J., concurred.