[Civ. No. 8311.   Second Appellate District, Division Two.—March 31, 1933.]

## DAVID C. HUTCHON, Respondent, v. RAY CLARKE ROSE, Appellant.

Edward J. Kelly for Appellant.

Lyon, Fleming & Robbins for Respondent.

CRAIG, J.—In an action for a share of brokers' commission alleged to have been earned in negotiating a sale of certain real property, judgment was rendered in favor of the plaintiff, from which the defendant appealed.

The principal question presented by the appellant's briefs must be determined upon the sufficiency or insufficiency of the evidence to support judgment. It appeared

that the respondent demanded payment for his services from one H. S. Sewell, who had been employed by the appellant to effect a sale of real estate. One J. E. Saint, who was then assisting Sewell in obtaining a sale of the same property, introduced the latter to the respondent, who worked with Sewell and the purchaser until the transaction was placed in escrow which resulted in its consummation. Sewell agreed in writing to a division of such commission as might be due to himself and Saint with the respondent, which agreement was delivered to Hutchon, approved by Saint and so reported back to Sewell. Thereafter the respondent wrote the appellant, setting forth foregoing agreement, attached a copy thereof to his letter, and the same was approved in writing by the appellant. Following a failure of payment of his share of earned commissions the respondent was about to commence action against Sewell therefor, whereupon the appellant agreed that if he would refrain from instituting such suit he, Rose, would promise in writing to pay the same, and it appeared that the respondent thereafter received such written assurance. The appellant executed and delivered a statement that "in case Mr. Sewell, the broker through whom we made the transaction, fails to pay you three thousand dollars ($3,000) . . . I will personally pay you that amount within a reasonable length of time". The respondent testified: "He explained that there was no necessity for doing so; that he would be in my office next morning, and would settle it up. . . . I told him again that unless the matter was closed then and there, I would commence an action for collection of the commission. He then said to me that if I would refrain from doing that at that time that he himself would agree to pay me, if Mr. Sewell did not. I then asked him in front of the witness would he put it in writing and he said 'yes', and I dictated the letter which I think you have before you, which he signed." Authorities cited to cases wherein no forbearance nor agreement to forbear from instituting legal action was made to appear, we think inapplicable to the instant case. That the appellant was liable for payment of a commission to Sewell, and that he wrote the respondent recognizing the latter's "dealings with Sewell . . . and my efforts to help you in the collection of the amount are purely voluntary", is apparent. Actual forbearance from commencing suit against Sewell having been so effected by

the appellant, it cannot successfully be denied that at least an implied agreement to forbear existed as a result of his promise. This was sufficient. (*Whelan* v. *Swain,* 132 Cal. 389 [64 Pac. 560]; *Humboldt Sav. etc. Soc.* v. *Dowd,* 137 Cal. 408 [70 Pac. 274].)

The judgment is affirmed.

;Works, P. J., and Archbald, J., *pro tem.,* concurred.