[L. A. No. 13487.   In Bank.—November 24, 1933.]

LINCOLN HOLDING CORPORATION (a Corporation), Respondent, v. N. L. LEVERING, Appellant.

Martin M. Levering and Henry Trowbridge for Appellant.

A. Feldman for Respondent.

SHENK, J.—This is an appeal from a judgment for the plaintiff on a promissory note for $2,500 executed by the

defendant and appellant, N. L. Levering, who will be referred to herein as the defendant.

Prior to the execution of the note sued on the plaintiff was the holder of a promissory note for $5,000 executed by the Big Bear Realty Corporation, recovery on which would be barred by the statute of limitations on December 4, 1928. The defendant was an indorser on said note. The plaintiff was intending to sue on the $5,000 note and sought out the defendant indorser for a settlement. Pursuant to an agreement between the parties hereto the defendant executed, under date of December 1, 1928, the note sued on herein and delivered the same to the plaintiff, the plaintiff in turn agreeing to surrender the $5,000 note to the defendant.

The defendant filed a cross-complaint for the cancellation of the note sued on and for damages for the failure of the plaintiff to deliver the $5,000 note to the defendant prior to December 4, 1928. It was alleged in the cross-complaint that the parties agreed that the defendant should execute and deliver to the plaintiff a promissory note for $2,500 payable in six months; that in consideration thereof the plaintiff was to "immediately indorse, assign and deliver" the $5,000 note to the defendant; that the $5,000 note was not delivered to the defendant until long after the same had become outlawed, and that by reason of the delay there was no consideration for the $2,500 note and that the defendant had been damaged thereby in the sum of $2,500.

The trial court found in favor of the plaintiff on the issues presented by both the complaint and the cross-complaint. On the appeal eighteen specifications of error are assigned. They need not be specifically noted. The substance of all of them is that the evidence is insufficient to support the findings and conclusions of the court that there was a valuable consideration for the $2,500 note and that the defendant suffered no damage by the plaintiff's failure to deliver the $5,000 note to the defendant prior to December 4, 1928.

Unquestionably the evidence upholds the finding and conclusion that the $2,500 note was supported by a valuable consideration. It is undisputed that the $5,000 note would become barred on December 4, 1928. The defendant was an indorser on that note and presumably liable for the full

amount of $5,000 thereon. The plaintiff intended to sue thereon unless a settlement could be obtained from the defendant. The plaintiff's actual outlay on account of said note was $2,500. It was therefore agreed that the plaintiff would accept a note for $2,500 executed by the defendant "in exchange" for the $5,000 note. This note was executed under date of December 1, 1928, and was accepted by the plaintiff in satisfaction of the defendant's obligation on the $5,000 note, and the latter note was permitted to outlaw so far as the plaintiff was concerned, for no suit was brought thereon. The plaintiff's forbearance to sue on the $5,000 note was a prejudice suffered by it and alone was sufficient to constitute a good and valuable consideration for the new promise. (Sec. 1605, Civ. Code; *Belloc* v. *Davis*, 38 Cal. 242, 256; 6 Cal. Jur., p. 173, and cases there cited.) The cases relied upon by the defendant are to the effect that there is no consideration for a new note delivered upon condition of surrender of the prior note if the old note is still an enforceable obligation and is retained by the payee. Such is not this case. Here the retained note is not enforceable by the plaintiff because of its voluntary act in forbearing to sue thereon and permitting the same to become barred prior to the commencement of this action.

On the question of alleged damages it is the defendant's theory that the failure of the plaintiff to deliver to him the $5,000 note prior to December 4, 1928, deprived him of the right to pursue his rights and remedies against the Big Bear Realty Corporation. The defendant claimed at the trial that his agreement with the plaintiff was that upon the execution and delivery of the $2,500 note the old note would be assigned to him immediately and that before the 4th of December he demanded of the plaintiff that the old note be so assigned and delivered to him. But the proof showed and the court found that no agreement for an assignment of the old note was made and that no demand for the surrender of the same was made prior to the time the same became barred by the statute. The mere request by the defendant that the plaintiff return to him the old note without designating any particular time was not such a demand, under the conditions shown by the record, as would place the plaintiff in default and liable in damages for failure to comply with the request. It may be that when

the assignment and delivery of an old note forthwith is a material part of the transaction so far as the defendant indorser is concerned, so that he may be put in position to preserve his remedy against the maker, such immediate assignment and delivery would become of the essence of the contract. But the evidence is susceptible of the view that the consideration in the mind of the defendant at the time was merely to reduce his obligation on the old note to one-half its face value by the execution of the new note and that when the settlement of his obligation was thus accomplished his desired purpose was attained. True, the defendant in his cross-complaint alleged damage by reason of the withholding of the old note until after December 4th, but there was no proof in support of that allegation or otherwise that the old note was or would have been of any value to him if it had been surrendered to him prior to that time.

We perceive no error in the record presented.

The judgment is affirmed.

Seawell, J., Waste, C. J., Curtis, J., Preston, J., Langdon, J., and Thompson, J., concurred.

Rehearing denied.