[Civ. No. 11343. First Appellate District, Division Two.—April 4, 1940.]

G. W. GENERAL, Respondent, v. IRA G. ANTHONY et al., Appellants.

Derthick, Cusack & Ganahl, Herbert Ganahl and John S. Marshall for Appellants.

Entenza & Gramer and Orris R. Hedges for Respondent.

NOURSE, P. J.—Plaintiff sued upon a note secured by a mortgage upon real property and had judgment. We copy the statement of facts from appellants' brief:

"On July 1, 1926, Mr. and Mrs. Anthony executed a note for $2250.00 to W. E. Mabee and Grace W. Mabee, husband and wife, as joint tenants. Said note became due on July 1, 1929. Prior to that date the note and mortgage were assigned to the Pan-American Bank of California as security for a loan obtained from it by the Mabees. On June 14, 1929, a few weeks prior to maturity of the note, the defendants and appellants requested a two-year extension of both the note and mortgage. An agreement was drawn up and signed by Ira G. Anthony and Lola M. Anthony. W. E. Mabee never signed the agreement. Grace W. Mabee did not sign the agreement until January 21, 1935, six months before the institution of this suit of foreclosure of the mortgage. The agreement was never signed by the Pan-American Bank of California who, on June 14, 1929, was the owner and holder of the note and mortgage. (Clk. Tr., p. 1.) The action was filed June 15, 1935. . . . "

■ Appellants' first ground of attack is that the action is barred by section 337 of the Code of Civil Procedure because the extension agreement was not properly executed, and because there was no proof of an oral agreement to extend. Appellants are in error in their conception of the record. Evidence was received going to prove that, prior to the maturity of the note, the parties had orally agreed to the extension, that it was accepted by the mortgagee after the mortgagors had executed it, that the latter accepted and retained the benefits of the extension of time given by the oral agreement, and that this agreement had thus become fully executed before suit was commenced. The trial court's finding that the terms of the proposed extension were fully accepted by the payee is supported by evidence from appellants themselves—one testifying "the bank agreed it (the extension) would be two years", the other, "I think it was settled in our mind it had already been signed and settled." The proposal thus became a valid oral agreement to extend the loan and the time of payment to July 1, 1931, and the writing executed by the mortgagors was given as an affirmance of the oral understanding and was in full harmony with it.

■ There is just one question of law involved in the appeal—whether the time of payment of a note secured by mortgage may be extended by a writing signed by the mortgagor alone when based upon an oral agreement made by the mortgagor and the mortgagee.

Section 2922 of the Civil Code reads: "A mortgage can be created, renewed, or extended, only by writing, executed with the formalities required in the case of a grant of real property."

Section 1091 of the same code provides: "An estate in real property . . . can be transferred . . . or by an instrument in writing, subscribed by the party disposing of the same. . . ."

The written extension signed and acknowledged by appellants before a notary recites that the extension was given "by mutual agreement". The trial court found it was accepted by the mortgagee and the guarantors. The appellants concede that the written agreement was executed with the formalities required by the code sections above cited. They also concede that these requirements are satisfied by a writing subscribed by the mortgagor alone if the writing follows a

mutual agreement to extend. The case thus comes squarely within the rule stated in 18 California Jurisprudence, page 154, that such a writing is a renewal of the note and mortgage within the meaning of the code sections. Early cases adopting this rule, to which we have found none to the contrary, are *German Savings etc. Soc.* v. *Hutchinson,* 68 Cal. 52 [8 Pac. 627]; *Moore* v. *Gould,* 151 Cal. 723, 727 [91 Pac. 616].

A general attack is made on the other findings as a whole without division of subject-matter or text. We may assume that there may have been error in all these findings, other than those mentioned herein, but such assumption would not change the result. The proof of the mutual agreement, with the appellants' intent to be bound irrespective of other signatures, is sufficient to sustain the judgment.

Judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.