[Civ. No. 2786.   Fourth Dist.   Sept. 23, 1941.]

BANK OF AMERICA NATIONAL TRUST AND SAV-
INGS ASSOCIATION (a National Banking Associa-
tion), Appellant, v. HOLLYWOOD IMPROVEMENT
COMPANY (a Corporation), Respondent.

Louis Ferrari, Edmund Nelson and A. S. Goldflam for
Appellant.

818

Bordwell, Mathews & Wadsworth for Respondent.

GRIFFIN, J.—This action was filed June 28, 1938, for the foreclosure of a mortgage given by Hollywood Improvement Co., a corporation, to secure a promissory note dated May 1, 1929, in the sum of $25,000, payable on or before one year after date, and made payable to George L. and Pauline A. Eastman, who subsequently became endorsers of the note. The complaint sets forth fully the various endorsements and deliveries of the note and the various assignments of the mortgage through which means the note and mortgage came into the possession of the appellant which, at the time this action was instituted, was the owner and holder of the note and mortgage. On April 25, 1934, the appellant as party of the second part, and respondents as parties of the first part, agreed in writing to extend the time for payment of the note to and including the first day of May, 1935, and respondents again agreed to pay the note and mortgage according to the terms thereof as extended.

The extension agreement, offered by appellant and received in evidence over objection, provided that " . . . in consideration of the premises and of the mutual promises of the parties hereto, it is agreed as follows: (1) the maturity of the principal of said promissory note is extended to May 1, 1935. (2) The first parties and each of them jointly and severally agree to pay the indebtedness evidenced by said promissory note in accordance with the terms thereof as extended by this agreement."

Respondents George L. Eastman and Pauline A. Eastman filed an answer and relied for their defense upon their discharge as endorsers of the note, by reason of the fact that the note had not been presented for payment, that no notice of dishonor had been given to the respondents, that there was no protest of the note, and further that there was no consideration for their signing of the extension agreement.

The respondent Hollywood Improvement Co. filed an answer denying that it agreed in writing to extend the time of payment of the promissory note and that neither it nor any of the defendants paid any consideration to the plaintiff for the execution by plaintiff of the extension agreement in writing above mentioned. It also pleaded the bar of the

statute of limitations, subdivision 1, section 337 of the Code of Civil Procedure. The respondents also contend that the extension agreement was not fully executed in that there had been no delivery of the extension agreement to the respondents. The controversy in this case arises over the validity of the so-called extension agreement.

It was stipulated at the trial that other than the agreement itself there was no consideration given the appellant for the signing of the purported agreement. The trial court found that no consideration of any kind or nature was paid or given to the plaintiff by the defendants or any of them or by any other person on behalf of the defendants for the signing by plaintiff of the purported written extension agreement; that the purported extension agreement was never delivered to the respondents and was never executed; that the cause of action was barred by the statute of limitations. It entered judgment accordingly. Plaintiff appealed.

The appellant concedes "that the defense of the respondents George L. Eastman and Pauline A. Eastman, based on the failure of consideration to them for the signing of said extension agreement is valid, and therefore will not further prosecute the appeal from that portion of the judgment in favor of the defendants George L. Eastman and Pauline A. Eastman, but prosecutes this appeal solely from that portion of the judgment in favor of the respondent Hollywood Improvement Co., a corporation."

The point to be determined by this court on the question of consideration is whether the agreement by appellant to extend the maturity of the note to May 1, 1935, and by respondent Hollywood Improvement Co., to pay the note according to its terms at the expiration of the extended period constituted a legal consideration.

Appellant contends that the mutual promises of the parties and the actual forbearance to sue by the appellant constituted a valid contract and was supported by a legal consideration.

Respondent, in support of the judgment, argues that the new agreement was a mere *nudum pactum* because there was no new and valuable consideration given or paid to appellant for the signing of the purported agreement.

Section 2922 of the Civil Code provides that a mortgage can be created, renewed or extended, only by writing, exe-

cuted by the formalities required in case of a grant of real property. (See sec. 1091, Civ. Code.) ▆▆ The renewal or extension here involved was so executed. The language of the agreement must be construed, not only as an extension, but also as an acknowledgment of the obligation and a renewal of the terms of the mortgage. The maturity of the principal was extended to May 1, 1935, and each party acknowledged the obligation and respondent agreed to pay it in accordance with its terms as extended. In *Moore* v. *Gould,* 151 Cal. 723 [91 Pac. 616], it was held that (quoting from syllabus) ''An instrument in writing, executed by the . . . maker of a promissory note and mortgage, securing the same, certifying and declaring that such mortgage, 'together with the promissory note and debt secured thereby [which were particularly described], is hereby renewed and extended for the further term of two years from date,' constitutes a renewal of the note and mortage within the meaning of section 2922 of the Civil Code. Such instrument is also an acknowledgment of the debt, and in either aspect it operated to start a new period of limitation thereon.'' The language of the extension and renewal there construed was quite similar to the one here involved. The court then held that the instrument ''constitutes a renewal of the note and mortgage within the meaning of section 2922 of the Civil Code'' and further held that each of them contained an acknowledgment of the debt and thus operated to start a new period of limitation. To the same effect are *German S. & L. Society* v. *Hutchinson,* 68 Cal. 52 [8 Pac. 627]; *Smith* v. *Lawrence,* 38 Cal. 24 [99 Am. Dec. 344]; *Southern Pacific Co.* v. *Prosser,* 122 Cal. 413 [52 Pac. 836, 55 Pac. 145]; *London etc. Bank* v. *Bandmann,* 120 Cal. 220 [52 Pac. 583, 65 Am. St. Rep. 179]; *Seaton* v. *Fiske,* 128 Cal. 549 [61 Pac. 666]; *Newhall* v. *Hatch,* 134 Cal. 269 [66 Pac. 266, 55 L. R. A. 673]; Code Civ. Proc., sec. 360; *Concannon* v. *Smith,* 134 Cal. 14 [66 Pac. 40]; *Dearborn* v. *Grand Lodge, A. O. U. W.,* 138 Cal. 658 [72 Pac. 154]; *Tolman* v. *Smith,* 85 Cal. 280, 288 [24 Pac. 743]; *McKelvey* v. *Wagy,* 157 Cal. 406 [108 Pac. 268]; *Schwartz* v. *Edmunds,* 20 Cal. App. (2d) 530 [67 Pac. (2d) 351].)

This same conclusion must be reached in the instant case as to the Hollywood Improvement Co., the maker of the note and mortgage involved. Under the authorities cited, there could be no question but that if the appellant had treated

the extension agreement as *nudum pactum* and had disregarded it and sued in violation of its terms prior to the new due date, the defense that the action was prematurely instituted would have been sufficient. (See also *Harting* v. *Cebrian,* 10 Cal. App. (2d) 10 [51 Pac. (2d) 195].)

Respondent relies upon the general rule, applicable to a mere extension of time of payment, to the effect that an agreement to extend the time of payment after the principal sum has become due cannot be enforced where there is no consideration therefor, as it is a mere *nudum pactum* (18 Cal. Jur. 153, sec. 452), and cites in support thereof *McCann* v. *Lewis,* 9 Cal. 246; *Hughes* v. *Davis,* 40 Cal. 117; *Peachy* v. *Witter,* 131 Cal. 316 [63 Pac. 468]; *Stroud* v. *Thomas,* 139 Cal. 274 [72 Pac. 1008, 96 Am. St. Rep. 111]; *Marinovich* v. *Kilburn,* 153 Cal. 638 [96 Pac. 303]; *Dean* v. *Sedan Milling Co.,* 19 Cal. App. 28 [124 Pac. 736]; *Robson* v. *O'Toole,* 60 Cal. App. 710 [214 Pac. 278]; *Gould* v. *Keith,* 9 Cal. App. (2d) 284 [49 Pac. (2d) 623]; *Berkowitz* v. *Tyderko, Ltd.,* 13 Cal. App. (2d) 561 [57 Pac. (2d) 173]; and *Braun* v. *Crew,* 183 Cal. 728 [192 Pac. 531].

We have examined the authorities cited and do not believe the facts in the instant case come within the rule there declared. The form of agreement, in effect, constituted not only an extension but a renewal of the obligation to pay the indebtedness evidenced by the note in accordance with the terms thereof as extended by the agreement, and an implied agreement to forbear on the part of appellant. Such form of renewal has been approved in several cases. (*Moore* v. *Gould, supra; Steiner* v. *Davis,* 24 Cal. App. (2d) 692 [76 Pac. (2d) 157].)

A presumption of a consideration for a note and mortgage arises from the writing itself. Such presumption is itself evidence. (*Moore* v. *Gould, supra.*) The burden of proof is upon the party seeking to invalidate the instrument for want of consideration. (*Atlas Mixed Mortar Co.* v. *Stein,* 125 Cal. App. 31 [13 Pac. (2d) 766].)

In the late case of *Adolph Ramish, Inc.,* v. *Woodruff,* 2 Cal. (2d) 190, p. 207 [40 Pac. (2d) 509, 96 A. L. R. 1146], the court said: "It has been repeatedly held that the extension of time in which to pay money due confers upon the debtor an advantage or benefit which in itself constitutes

a sufficient consideration for the execution of an instrument by him. . . . '' It quoted from 19 Cal. Jur., p. 842, § 37, as follows: ''Any suspension or forbearance of a legal right constitutes a sufficient consideration. Thus an agreement to forbear to sue upon an obligation presently due is a sufficient consideration for the giving of a note. Even though the forbearance is for one day only, there is a sufficient consideration as the law does not weigh the *quantum.*'' See also *Harting* v. *Cebrian, supra,* which was an action on a promissory note given in renewal of a prior note. The court there held that the second note (due ninety days after date) was at least an implied contract to forbear for a period of ninety days and that alone constituted a sufficient consideration to support the instrument. To the same effect are *General* v. *Anthony,* 38 Cal. App. (2d) 321 [100 Pac. (2d) 1087]; *Hammond Lumber Co.* v. *Cravens,* 82 Cal. App. 685 [256 Pac. 428]; *Lincoln Holding Corp.* v. *Levering,* 219 Cal. 427 [27 Pac. (2d) 74]; *Tripler* v. *MacDonald Lumber Co.,* 173 Cal. 144, 148 [159 Pac. 591]; *Miller* v. *Roach,* 15 Cal. App. (2d) 427 [59 Pac. (2d) 418]; *Shlaudeman* v. *Grubel,* 15 Cal. App. (2d) 499 [59 Pac. (2d) 873]; *Hutchon* v. *Rose,* 130 Cal. App. 735 [20 Pac. (2d) 357]; *Parrino* v. *Rallis,* 116 Cal. App. 364 [2 Pac. (2d) 515]; *State Loan etc. Co.* v. *Cochran,* 130 Cal. 245 [62 Pac. 466, 600]; *Vassere* v. *Joerger,* 10 Cal. (2d) 689 [76 Pac. (2d) 656], and *Woollomes* v. *Gomes,* 26 Cal. App. (2d) 461 [79 Pac. (2d) 728]. This same principle is enunciated in the late case of *Easton* v. *Ash,* 18 Cal. (2d) 530 [116 Pac. (2d) 433], decided August 28, 1941.

The argument in reference to the question of the due execution of the agreement requires but little attention. All parties admittedly signed the instrument. No fraud or deception was claimed or found. The court found as true that all of the parties to the extension agreement signed it. It was unnecessary to a complete execution of the document that a copy thereof must be left with all of the parties as contended and found by the court. (*Schwartz* v. *Edmunds, supra,* p. 532.)

We therefore must conclude that the finding of the trial court that there was no consideration for the giving of this agreement, that the statute of limitations had barred the action, and that there was no due execution of the instrument is without legal or evidentiary support.

Appellant abandoned its appeal from the judgment in favor of George L. Eastman and Pauline A. Eastman. That portion of the judgment is therefore affirmed. For the reasons expressed, the judgment in favor of the Hollywood Improvement Co., is reversed. Appellant will recover its costs of appeal against the Hollywood Improvement Co. Respondents George L. Eastman and Pauline A. Eastman will recover their costs of appeal against appellant.

Marks, Acting P. J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 17, 1941.