[Civ. No. 26252.   Second Dist., Div. Four.   Nov. 21, 1962.]

MAX LEVINE et al., Plaintiffs and Appellants, v. HER-
BERT D. TOBIN et al., Defendants and Respondents.

Horowitz & Howard and Fred Horowitz for Plaintiffs and Appellants.

Mosk & Rudman and Norman G. Rudman for Defendants and Respondents.

BURKE, P. J.—Plaintiffs brought this action for damages for breach of contract after defendants refused to perform an agreement to purchase certain corporate bonds. The court below found the purchase agreement lacked consideration and thereupon entered judgment for defendants. Plaintiff has appealed from said judgment.

The contract sued upon extended the time within which defendants were required, under an earlier agreement, to purchase certain debentures if the corporate maker failed to redeem pursuant to the terms of the bond agreement. It was in the form of a letter from defendants to plaintiffs and recites:

"March 30, 1959

Mr. and Mrs. Max Levine
161 South Detroit Avenue
Los Angeles

Dear Mr. and Mrs. Levine:

Reference is made to your purchase of Six Per Cent. Debenture Bonds 6 to 10, inclusive, of Hoover House and Garden, Inc. (hereinafter referred to as 'the corporation'), each having a face value of $1180. At the time you agreed to make the purchase, it was contemplated that said bonds would be redeemed within 12 months from May 30, 1955, on which date the sum of $5000 was paid by you. The undersigned agreed to purchase from you such of the bonds as were not redeemed by the corporation within eighteen months.

Unfortunately, the corporation was unable to redeem any of the bonds or to pay the interest thereon. You made demand upon us to purchase said bonds, but we were then unable to comply with said demand.

For a valuable consideration, we, the undersigned, do hereby agree, jointly and severally, as follows:

1. We will pay, or cause to be paid to, you 6% interest on the face amount of said bonds of $5900 for the period of

June 1, 1955 to May 31, 1958, or the sum of $1062. A check for said sum is enclosed.

2. On and after April 1, 1960, if demand is made upon us or any of us, we, jointly and severally, agree to purchase from you such of the bonds as have not been redeemed by the corporation, and will pay you the sum of $1180 for each such bond, plus interest from June 1, 1958, to the date of purchase, at the rate of 6% per annum, less any interest which may have been paid you on the bonds of the corporation subsequent to the date hereof.

Very truly yours,

| /s/ Mrs. Herbert D. Tobin | /s/ Herbert D. Tobin |
|---|---|
| Mrs. Herbert D. Tobin | Herbert D. Tobin |
| /s/ Mrs. W. J. Bortner | /s/ W. J. Bortner |
| Mrs. W. J. Bortner | W. J. Bortner'' |

A second cause of action was alleged by plaintiffs as assignees of an identical agreement. The issues on appeal are the same for both causes of action.

Since the promise evidenced by the above letter contract was qualified, in that it postponed the original liability to purchase until a later date, the action was correctly brought on the new promise rather than on the antecedent obligation. *(Jones* v. *Wilton,* 10 Cal.2d 493, 499 [75 P.2d 593].)

Plaintiff contends on appeal that the evidence does not support a finding of no consideration for defendants' promise. We agree, for the clear implication of the agreement imparts a promise by plaintiff to forbear action and to permit an extension of the time for performance.

Forbearing suit or extending time for performance which suspends a legal right constitutes a sufficient consideration. (Civ. Code, § 1605; *Bank of America* v. *Hollywood Improvement Co.,* 46 Cal.App.2d 817, 822 [117 P.2d 13]; *Harting* v. *Cebrian,* 10 Cal.App.2d 10, 16 [51 P.2d 195].) While mere forbearance without an agreement to do so is not sufficient, ''The cases in this state, as elsewhere (74 A.L.R. 301), hold that the promise to forbear may be implied as well as express.'' *(Wine Packing Corp. of Cal.* v. *Voss,* 37 Cal. App.2d 528, 538 [100 P.2d 325].) ''Further, the act of forbearance [is] in itself evidence of an agreement to forbear. *(Greenfield* v. *Sudden Lbr. Co.,* 18 Cal.App.2d 709

[64 P.2d 100].)'' (*Anglo Cal. Nat. Bank* v. *Far West Lbr. Co.,* 152 Cal.App.2d 284, 287 [313 P.2d 10].)

Here, the extension contract sued upon was drafted by plaintiffs and submitted to defendants for their acceptance. This followed defendants' failure to perform after demand on them by plaintiffs for performance which was due under the original agreement. Defendant Tobin, president of the maker corporation, testified that they signed the document in order to buy peace; that it was communicated to plaintiffs' attorney that the corporation was developing slower than anticipated and that time was needed. This evidence clearly shows a request for an extension of time for performance of the original agreement and the letter provides for that extension. Thus, there is ample consideration recited in the document, and plaintiffs' actual forbearance supports that conclusion. Stated negatively, these facts show that the new agreement was at least an implied contract to forbear for the period of time stated. (See *Harting* v. *Cebrian, supra,* 10 Cal.App.2d 10, 16.)

Defendants contend that Tobin's testimony, some of which is mentioned above, which was the only evidence offered to rebut the recital of consideration in the instrument, effectively rebuts the presumption of consideration and supports the trial court's determination. Tobin testified that he thought he and the other defendants ''were getting no assurance beyond the bare words of the agreement as to what [plaintiffs] would or would not do''; that there was no express promise to forbear. This does not rebut the recital or presumption of consideration; rather it merely supports a belief on the part of defendants that the agreement lacks mutuality of obligation, i.e., that plaintiffs are not bound by the agreement because they have not consented thereto.

The fact that plaintiffs accepted defendants' check for $1,062 representing interest paid pursuant to the new agreement amply sustains a holding that plaintiffs were bound by the terms of the agreement setting a later date for performance. It was stipulated at the trial that said sum was so paid to and accepted by plaintiffs. ''A voluntary acceptance of the benefit of a transaction is equivalent to a consent to all the obligations arising from it, so far as the facts are known, or ought to be known, to the person accepting.'' (Civ. Code, § 1589.) As said in *Bank of America* v. *Hollywood Improvement Co., supra,* 46 Cal.App.2d 817, 820-

821, ''[T]here could be no question but that if appellant had treated the extension agreement as *nudum pactum* and had disregarded it and sued in violation of its terms prior to the new due date, the defense that the action was prematurely instituted would have been sufficient.''

Judgment reversed.

Jefferson, J., and Ford, J.,* concurred.

A petition for a rehearing was denied December 7, 1962.

---

*Assigned by Chairman of Judicial Council.